### The STATE of Ohio, Appellee,

#### v.

### JOHNSON, Appellant.

[Cite as *State v. Johnson* (1995), 105 Ohio App.3d 37.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–09–181.

Decided June 26, 1995.

38

John F. Holcomb, Butler County Prosecuting Attorney, and *Barbara Schneider*, for appellee.

*Lawrence P. Fiehrer,* for appellant.

WALSH, Presiding Judge.

Defendant-appellant, Jeffrey W. Johnson, appeals his conviction for driving under the influence of alcohol in violation of R.C. 4511.19.

On April 20, 1994, at approximately 1:55 a.m., Officer John DeWitt of the Union Township Police Department observed appellant's vehicle pull into a gas station on Route 42 in Union Township, Butler County, Ohio. A few minutes later, he observed appellant's vehicle traveling north on Cox Road. Although he had not observed appellant violating any traffic laws, DeWitt proceeded to follow appellant in his cruiser through a subdivision.

Appellant made a left turn from Cox onto Monticello Drive and then turned right onto Ashbrook Drive. At this point, DeWitt proceeded past Ashbrook, made a U-turn, stopped his vehicle facing the intersection of Monticello and Ashbrook, and turned off his headlights. DeWitt waited there for approximately one to one and one-half minutes, whereupon he observed appellant come back out of Ashbrook, make a left turn onto Monticello, and then turn left onto Cox. Although DeWitt had still not observed any traffic violations, he continued to follow appellant northbound on Cox.

After having traveled approximately one half to three-quarters of a mile on Cox, DeWitt observed appellant's vehicle cross the right edge line on the roadway and then return back to the lane of travel two separate times.[1] After having made the observation, DeWitt did not immediately pull appellant over. Instead, he proceeded to follow appellant for another one-half mile before stopping him.

Appellant was subsequently arrested and charged with driving under the influence of alcohol in violation of R.C. 4511.19, driving under suspension in violation of R.C. 4507.02, and failure to stay within marked lanes of travel in violation of R.C. 4511.33. Appellant filed a motion to suppress, contending that DeWitt lacked reasonable suspicion to stop his vehicle and probable cause to arrest him for driving under the influence of alcohol. After a hearing, the trial

---

1. There is some question whether appellant crossed the right edge line once or twice. At the suppression hearing, DeWitt testified that he recalled observing appellant cross the edge line twice; however, the written narrative statement, which DeWitt filled out shortly after appellant was arrested, refers to only one such occurrence. The trial court, in ruling on appellant's motion to suppress, apparently relied upon DeWitt's testimony, finding that appellant had crossed the edge line twice. We will not disturb this finding of fact on appeal.

court overruled appellant's motion to suppress. Appellant entered a plea of no contest and was found guilty of driving under the influence of alcohol.[2]

■ On appeal, appellant contends that the trial court erred in overruling his motion to suppress, arguing that the stop of his vehicle was not constitutionally justified. We agree.

■ In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673, *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 110, 534 N.E.2d 906, 907. " 'The propriety of an investigative stop * * * must be viewed in light of the totality of the surrounding circumstances.' " *State v. Bobo* (1988), 37 Ohio St.3d 177, 178, 524 N.E.2d 489, 490. In this case, the trial court found reasonable suspicion for the stop based upon appellant's "apparent driving with no focus or purpose" through a no-outlet subdivision at "a late hour in the night" and crossing the right edge line twice.

■ An officer's observation of a traffic violation or erratic driving generally justifies an investigative stop. See *State v. Lowman* (1992), 82 Ohio App.3d 831, 837, 613 N.E.2d 692, 695 (traffic violation); *State v. Hilleary* (May 24, 1989), Miami App. No. 88–CA–5, unreported, 1989 WL 55637 (erratic driving). Many courts, often without much analysis, have concluded that crossing the right edge line is a marked-lanes violation under R.C. 4511.33. See, *e.g., State v. Drogi* (1994), 96 Ohio App.3d 466, 469, 645 N.E.2d 153, 155, *State v. Gibson* (Apr. 4, 1995), Columbiana App. No. 92–C–21, unreported, 1995 WL 152978; *State v. Suddarth* (Dec. 27, 1994), Clermont App. No. CA94–06–047, unreported, 1994 WL 714547; *State v. Burwell* (June 30, 1994), Lake App. No. 93–L–122, unreported, 1994 WL 321163; *State v. Shook* (June 15, 1994), Lorain App. No. 93CA005716, unreported, 1994 WL 263194; *State v. Rhea* (Feb. 21, 1992), Ross App. No. 1779, unreported, 1992 WL 37798; *State v. Williams* (Aug. 11, 1988), Franklin App. No. 88AP–52, unreported, 1988 WL 84422.

■ However, in interpreting R.C. 4511.33, the court in *State v. Gullett* (1992), 78 Ohio App.3d 138, 144–145, 604 N.E.2d 176, 180–81, concluded that while a mere crossing of the right edge line technically constitutes a marked-lane violation, it does not follow that every crossing of the edge line, regardless of

---

2. The remaining two charges, driving under suspension and failure to stay within marked lanes, were essentially dismissed.

circumstances, constitutionally justifies a stop of the vehicle.[3]  In *Gullett*, the court upheld a motion to suppress evidence in connection with a DUI charge where the defendant was stopped for twice crossing the right-edge line, and the evidence failed to show how long or how far the defendant crossed the line or any other evidence of erratic driving.  *Id.* at 145, 604 N.E.2d at 181.  As *Gullett* indicates, where a driver commits only a *de minimis* marked-lanes violation, some other evidence to suggest impairment is needed before an officer is justified in stopping the vehicle.  *Id.* 145, 604 N.E.2d at 181.  See, also, *Drogi, supra,* 96 Ohio App.3d at 469, 645 N.E.2d at 155 (officer lacked reasonable suspicion to stop vehicle where there was no evidence of erratic driving other than "insubstantial drifts" across edge lines).

■   On the other hand, under certain circumstances an incident or incidents of crossing the right edge line may give a police officer reasonable suspicion to stop a vehicle, depending upon the severity and extent of such conduct.  In determining whether a stop is justified, the particular facts of each case must be considered, including how far over the edge line the vehicle was, how long the vehicle remained traveling over the line on the right berm, and how many times the vehicle crossed the edge line within a certain distance of highway.  See *State v. Gullett,* 78 Ohio App.3d at 145–146, 604 N.E.2d at 180–181 (Peter B. Abele, J., concurring).

■   We find the reasoning of *Gullett* persuasive:  Evidence of a momentary or minuscule crossing of the right edge line, without more, does not justify a stop of the vehicle.  While we have undertaken this analysis in an attempt to provide the lower courts with some guidance in these types of cases, we expect trial courts to continue to exercise discretion in determining whether, under the totality of the circumstances, the facts of a particular case constitute sufficient evidence of impaired driving or no more than a minuscule, momentary edge-line crossing amounting to nothing more than a technical marked-lanes violation.

Applying the above analysis to the facts of the instant case, we find that DeWitt lacked reasonable suspicion to stop appellant.  Although DeWitt indicated at the suppression hearing that, prior to stopping appellant, he had observed him cross the right edge line twice, the evidence indicates that the two incidents were minor, insubstantial crossings, as DeWitt testified that appellant's vehicle was less than one tire width across the line.  Further, there is nothing in the record to suggest that appellant was driving outside his marked lane of travel for any substantial amount of time.  In addition, DeWitt indicated that he followed appellant for a considerable period of time before observing any traffic violations

---

3.   R.C. 4511.33(A) provides in pertinent part that "[a] vehicle * * * shall be driven, as nearly. as is practicable, entirely within a single lane or line of traffic * * *."

because he was "just curious," and he did not stop appellant immediately after observing the marked-lanes violations but continued to follow him for another one-half mile. See *State v. Bishop* (1994), 95 Ohio App.3d 619, 643 N.E.2d 170 (evidence that police officer continued to follow vehicle absent any legitimate suspicion of criminal activity or erratic driving until minor traffic violation was observed may support conclusion that stop was pretextual).

It appears that DeWitt observed nothing more than a minor traffic irregularity, not suggestive of impaired driving. Accordingly, the minor crossings of the edge line were not so unreasonable as to give a legitimate suspicion of criminal activity. See *Drogi, supra; State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Furthermore, neither of the other two reasons given by DeWitt for stopping appellant, *i.e.,* "unfocused" driving through a subdivision and driving at a late hour in the night, is evidence of illegal activity or impaired driving which would support a stop of the vehicle. Therefore, the trial court erred in overruling appellant's motion to suppress. The officer lacked reasonable suspicion to stop appellant's vehicle. Accordingly, we sustain appellant's assignment of error and vacate his conviction.

Conviction reversed and appellant discharged.

*Judgment reversed.*

KOEHLER, J., concurs.

POWELL, J., dissents.

POWELL, Judge, dissenting.

The majority's analysis of the issue presented by this case is incorrect. Therefore, I dissent and would affirm the judgment of the trial court.

The investigative-stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if the officer has a reasonable, articulable suspicion that criminal behavior has occurred or is imminent. *Terry v. Ohio* (1968), 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889, 909. The officer's suspicion must be based on specific, articulable facts, which, when taken together with reasonable inferences from those facts, would warrant a person of reasonable caution in the belief that the person stopped has committed or is committing a crime. *Id.* 392 U.S. at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 906. *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271, 1272. An officer is generally justified in conducting an investigative stop of an automobile when he witnesses the driver commit a traffic violation, such as failing to drive in marked lanes. See *Gibson, supra; Burwell, supra; Shook, supra.*

At the suppression hearing, Officer DeWitt testified that he saw appellant's vehicle pull into a gas station on State Route 42 at approximately 1:55 a.m. DeWitt testified that he observed a cloud of dust down the road in the parking lot of Tag's Tap Room and that he went to investigate. Several minutes later, DeWitt returned to his original position in the vicinity of the gas station and witnessed appellant pull out of the parking lot and begin driving north on Cox Road.

DeWitt followed the vehicle for a short distance before witnessing appellant turn into a dead-end street. After approximately one minute, DeWitt observed appellant pull out of the dead-end street and continue on in his original direction of travel. DeWitt testified that he then followed the vehicle for a short distance, during which time he observed appellant weave over the right-hand lane marker two times in violation of R.C. 4511.33.

The trial court serves as the trier of fact in a suppression hearing and must judge the credibility of the witnesses and the weight of the evidence. *State v. DePew* (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542, 547; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 58, 437 N.E.2d 583, 584. An appellate court must not disturb a trial court's decision overruling a motion to suppress where it is supported by substantial evidence. *Maumee v. Johnson* (1993), 90 Ohio App.3d 169, 171, 628 N.E.2d 115, 116; *State v. Wingerd* (1974), 40 Ohio App.2d 236, 238–239, 69 O.O.2d 217, 218, 318 N.E.2d 866, 867.

The trial court found that Officer DeWitt's decision to stop appellant's vehicle was justified by the necessary reasonable, articulable suspicion. I am satisfied that Officer DeWitt's testimony that he observed appellant drive aimlessly down a dead-end street in the middle of the night and then weave over the right-hand lane marker two times constitutes substantial, credible evidence which supports this finding. Accordingly, I would affirm the trial court's decision denying appellant's motion to suppress.