I respectfully disagree with the majority's conclusion that appellant did not commit any traffic violation in this case which would justify the investigatory stop of his vehicle. Therefore, I dissent from the majority's decision and would affirm the judgment of the trial court.
In Whren v. United States, (1996), ___ U.S. ___,116 S.Ct. 1769, the United States Supreme Court recently reaffirmed the now familiar rule that a police officer may conduct an investigatory stop of a moving vehicle whenever he witnesses the operator commit a traffic violation. See, also, Dayton v. Erickson (1996),76 Ohio St.3d 3, syllabus; State v. Johnson (1995), 105 Ohio App.3d 37,42-43 (Powell, J., dissenting). The Court reasoned that a violation of the motor vehicle code is sufficient to justify an investigatory stop regardless of whether the officer's subjective intent in making such a seizure was actually to further some other investigative purpose unrelated to issuing a traffic citation. Whren at 1772-76.
R.C. 4511.33 requires the operator of a motor vehicle to drive within marked lanes and provides, in pertinent part, that "[a] vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety." The record indicates that Officer Smith witnessed appellant violate R.C. 4511.33 by driving his vehicle across the right-hand lane marker three times for no apparent reason. See Hamilton v. Justice (Dec. 23, 1996), Butler App. No. CA96-04-065, unreported; State v. Easter (Dec. 4, 1996), Union App. No. 14-96-26, unreported; State v. Horner (July 24, 1996), Medina App. No. 2533-M, unreported; State v. Anderson (Dec. 13, 1995), Lorain App. No. 95CA006052, unreported. Smith was certainly justified at that point in stopping appellant's vehicle under the rule enunciated by the United States Supreme Court in Whren. This court should not undertake a policy to circumvent Whren by substituting our judgment for that of the officer. Therefore, I would affirm the trial court's decision denying appellant's motion to suppress because I believe the trial court correctly applied the governing law in this case.