OPINION
Defendant-appellant, Timothy A. Yocum, appeals a decision by the Clermont County Municipal Court denying his motion to suppress evidence.
At the hearing on the motion to suppress, Trooper Mark Johnson of the Ohio State Highway Patrol testified as follows: At about 1:00 a.m. on May 4, 1996, Johnson was sitting in a gas station lot on State Route 28 in Miami Township waiting to make a right turn into the eastbound lane. As Johnson looked at the oncoming eastbound traffic, he observed appellant's vehicle driving eastbound on State Route 28. Johnson testified that while appellant never left the road, appellant's vehicle was coming towards his until "[a]t the very last second [appellant] jerked it and continued eastbound on State Route 28." Johnson testified that appellant's vehicle was about three or four feet away from his before appellant jerked it. At that point, Johnson pulled out behind appellant.
As Johnson was following appellant, Johnson observed appellant turn right onto Wolfpen-Pleasant Hill Road from the straight only lane instead of the right turn lane. About one mile down the road, appellant crossed the right-hand edge line by about one-fourth of the width of his car. In doing so, appellant nearly struck three mailboxes that were two to three feet off the roadway. Appellant subsequently jerked his car back onto the roadway. Because the road was dangerously narrow at that point, Johnson decided not to pull appellant over then but to follow him instead. Appellant continued to "rid[e] the white line" or drive close to it. Appellant never drove left of center.
Johnson eventually stopped appellant. Upon approaching appellant's vehicle, Johnson noticed a strong odor of alcohol on appellant's breath, that appellant had red, glassy eyes, and that his speech was very slurred. Appellant subsequently failed to satisfactorily complete three field sobriety tests and was arrested.
Appellant was charged with failure to drive within marked lanes in violation of R.C. 4511.33, failure to wear a seatbelt in violation of 4513.263(B)(1), and driving while under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1) and (A)(3). Following the denial of his motion to suppress, appellant entered a no contest plea to the DUI charge under R.C.4511.19(A)(3) and was found guilty. The remaining charges were dismissed. This appeal followed.
In his sole assignment of error, appellant argues that the trial court erred in overruling his motion to suppress "as the arresting officer lacked probable cause to stop and detain appellant."
In order to conduct an investigative stop of a motor vehicle, a police officer must have a reasonable and articulable suspicion that the driver is engaged in criminal activity or is operating his vehicle in violation of the law. State v. Johnson (1995),105 Ohio App.3d 37, 40, citing Delaware v. Prouse (1979), 440 U.S. 648,99 S.Ct. 1391; State v. Brandenburg (1987), 41 Ohio App.3d 109, 110. "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v. Bobo (1988), 37 Ohio St.3d 177, 178, certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264. A trial court's decision overruling a motion to suppress must not be disturbed on appeal where it is supported by substantial evidence. Maumee v. Johnson (1993), 90 Ohio App.3d 169, 171.
Appellant argues that "being at or upon the right hand edge line marker while driving four to five miles on a `dangerous' county road [was] not evidence of impaired driving so as to warrant a stop and detention."
We agree with appellant, and have so held, that not every crossing of the right-hand edge line, regardless of circumstances, constitutionally justifies a stop of the vehicle. Johnson, 105 Ohio App.3d at 40-41; State v. Wilhelm (Apr. 14, 1997), Butler App. No. CA96-12-272, unreported. Indeed, we have found previously that "[e]vidence of a momentary or minuscule crossing of the right edge line, without more, does not justify a stop of the vehicle." Johnson, 105 Ohio App.3d at 41. (Emphasis added.)
In the case at bar, appellant did not just merely cross the right-hand edge line once. The record clearly shows that appellant's erratic driving also included nearly hitting Johnson's vehicle, turning right onto a roadway from a straight only lane, nearly hitting three mailboxes, and jerking his car at least twice to bring it back onto the roadway. In light of appellant's foregoing driving, we find that Johnson had reasonable suspicion to stop appellant. Accordingly, we hold that the trial court properly denied appellant's motion to suppress. Appellant's sole assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
POWELL, P.J., concurs in judgment only.