OPINION
Defendant-appellant, Joe E. Carver, appeals a decision of the Franklin Municipal Court denying his motion to suppress evidence.
At approximately 2:30 a.m. on November 24, 1996, Franklin Police Officer Jeff Stewart observed Carver driving on State Route 73. Within a mile and a half distance on State Route 73, Officer Stewart observed Carver's front and rear passenger-side tires cross into the gravel berm on the side of the road two times. Officer Stewart stopped Carver due to his "weaving" and "erratic driving."
After he failed field sobriety tests, Carver was arrested for driving under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1). On December 17, 1996, Carver filed a motion to suppress evidence that he had been driving under the influence on the grounds that the traffic stop violated theFourth Amendment prohibition against unreasonable searches and seizures. The trial court found that the traffic stop was proper and overruled Carver's motion to suppress. On February 25, 1997, Carver entered a plea of no contest to the DUI charge and was found guilty and sentenced accordingly.
On appeal, Carver assigns the following assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS.
In his assignment of error, Carver asserts that the trial court erred by overruling his motion to suppress. Carver argues that his crossing into the gravel berm on two occasions was not sufficient to constitutionally justify a stop of his vehicle. In reviewing the trial court's ruling upon Carver's motion to suppress, we apply a de novo standard of review. Hamilton v. Justice (Dec. 23, 1996), Butler App. No. CA96-04-065, unreported, citing Ornelas v. United States (1996), U.S., 116 S.Ct. 1657.
The Fourth Amendment of the United States Constitution gives people the right "to be secure * * * against unreasonable searches and seizures." The Ohio Supreme Court has recently held that "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12. A police officer's personal observation of a traffic violation provides probable cause to stop a motor vehicle. Whren v. United States (1996), U.S., 116 S.Ct. 1769; Erickson at 11.
In the present case, Officer Stewart testified that he observed Carver's front and rear passenger-side tires cross into the gravel berm on the side of the road two times within a mile and a half distance. Thus, Officer Stewart observed a clear violation of the marked lanes statute, R.C. 4511.33,[1] and had probable cause to stop Carver's vehicle. Moreover, since Carver crossed all the way into the gravel berm, Carver's reliance upon cases where a majority of this court has found that a "de minimis" crossing of the edge line does not justify the stop of a vehicle is misplaced. See, e.g., State v. Johnson (1995),105 Ohio App.3d 37 (Powell, J., dissenting); State v. Wilhelm (Apr. 14, 1997), Butler App. No. CA96-12-272, unreported (Powell, P.J., dissenting), discretionary appeal allowed (1997), 79 Ohio St.3d 1460. Accordingly, we conclude that the stop of Carver's vehicle was constitutionally valid and the trial court properly denied Carver's motion to suppress. Carver's sole assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.
[1] R.C. 4511.33 provides in relevant part:
 Whenever any roadway has been divided into two or more clearly marked lanes for traffic, * * * the following rules apply:
 (A) A vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.