[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Gregory A. Stephens is appealing from his convictions of one count of driving under the influence, one count of driving under suspension, and one count for a marked lanes violation, by the trial court after his entry of a no contest plea. On appeal, he presents the following sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT REFUSED TO SUPPRESS THE EVIDENCE BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROVING THAT THE OFFICER HAD A REASONABLE AND ARTICULABLE SUSPENSION [sic] OF ILLEGAL ACTIVITY CONNECTED WITH THE APPELLANT IN THE OPERATION OF THE VEHICLE.
The appellant is thus arguing for a reversal of his convictions on the sole ground that the stop of his vehicle by the officer was unwarranted because it was unreasonable, citing, interalia, State v. Gullett (1972), 78 Ohio App.3d 138, and State v.Johnson (1995), 105 Ohio App.3d 37, which stands for the proposition that a "mere" crossing of the right edge line does not necessarily give a police officer reasonable suspicion to stop a vehicle, and that all surrounding circumstances must be considered in determining the issue. The appellant, however, is citing old law which has been overruled by the United States Supreme Court inWhren v. United States (1996), 116 S.Ct. 1769, and by the Ohio Supreme Court in Dayton v. Erickson (1996), 76 Ohio St.3d 3, which promulgated the rule that a stop by a police officer based upon probable cause that a traffic violation has occurred, or was occurring, is reasonable per se. In other words, any stop based upon an officer's reasonable belief that a traffic violation has occurred, or is occurring, no matter how minor the violation, is lawful and beyond questioning.
The appellant had filed a motion to suppress with the trial court based upon the stop as well as another issue, not relevant here, and at the hearing the officer who made the stop testified as follows: ". . . I pulled in behind a full sized pickup truck, blue in color. As I was behind it and I was only behind it for maybe a tenth of a mile because the county line was right there, I noticed the individual drift off the right edge of the road two (2) times within a tenth of a mile and then he started to go off the Wilmington Pike exit so I stopped the vehicle for the violation." Tr. 10.
There is no question that the appellant was driving the blue pickup truck. Under the law, as it presently stands since Whren
and Erickson, the officer could have stopped appellant even for a single marked lane violation, much less two, in the short space of a tenth of a mile. Judge Robert L. Moore of the Kettering Municipal Court had no difficulty in overruling the motion to suppress and neither do we.
The assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
John F. Blake
Ronald C. Lewis
Hon. Robert L. Moore