OPINION
At 11:57 p.m. on January 17, 1998, Deputy Harold Cope of the Richland County Sheriff's Department observed a 1989 blue Oldsmobile traveling northbound on State Route 42. The vehicle was stopped at a red light. The front portion of the vehicle was past the white line marking the place at which vehicles were to stop. Deputy Cope followed the car as it entered the eastbound on ramp to U.S. 30. He observed the car travel approximately one foot over the right berm white line, for a distance of 100 to 150 feet. After correcting the path of travel, the car crossed the right line slightly a second time. Office Cope testified that the vehicle's speed was fluctuating between 45 to 50 miles per hour in a 55 mile-per-hour zone.
Deputy Cope activated his overhead lights, and stopped the vehicle. After administering field sobriety tests, appellee Monte Johnson consented to a BAC test. The result of the test was .176, above the legal limit.
Appellee was charged with Driving Under the Influence of Alcohol and Failure to Travel in Marked Lanes. He moved to suppress all evidence gained from the stop, on the basis that the officer lacked a reasonable suspicion of criminal activity to justify stopping his vehicle. Following an evidentiary hearing, the court granted the motion to suppress. The State appeals:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION TO SUPPRESS ON THE GROUND THAT THE OFFICER DID NOT HAVE REASONABLE AND ARTICULABLE SUSPICIONS SUFFICIENT ENOUGH TO INITIATE A STOP OF DEFENDANT-APPELLEE'S VEHICLE.
A motorist may be detained where the officer has probable cause to believe that a traffic violation has occurred. Delawarevs. Prouse (1979), 440 U.S. 648. If the officer has a reasonable, articulable suspicion that an offense has occurred, an investigatory stop is justified. Terry vs. Ohio (1968),392 U.S. 1. The constitutional reasonableness of a traffic stop does not depend on the motivation of the officer. Whren vs. United States
(1996), 166 S.Ct. 1769. If an officer has reason to believe that a motorist has committed a traffic violation, it is irrelevant as to whether a hypothetical "reasonable officer" would have stopped the vehicle, or whether the stop was a pre-text to investigate for another crime. Id.
A de minimis violation requires the officer to show other evidence that suggests impairment in order to justify an investigative stop. State vs. Johnson (1995), 105 Ohio App.3d 37. In Ontario vs. Matthews (October 23, 1997), Richland App. No. 97-CA-36-2, unreported, this court concluded that where road conditions were dry, and the defendant was traveling at approximately the speed limit, a stop was not justified where the officer observed the right tires of the vehicle cross the right-side edge line by approximately one foot, on several occasions.
In the instant case, based on the totality of the circumstances, the court did not err in granting the motion to suppress on the basis that the officer did not have a reasonable suspicion of criminal activity to justify the stop. The officer observed three de minimis violations: the car was stopped partially beyond the white line at a red light, and the car slightly crossed the right edge line on two occasions. The speed fluctuation between 45 to 50 miles an hour is not extreme enough to constitute erratic driving.
The Assignment of Error is overruled.
The judgment of the Mansfield Municipal Court is affirmed.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is affirmed. Costs to appellant.