Defendant-appellant, David E. Evans, appeals a decision of the Butler County Area I Court denying his motion to suppress evidence.
At the hearing on the motion to suppress, Officer Stacy Potts of the Oxford Police Department testified as follows: On March 28, 1998, at about 12:20 a.m., Potts was traveling southbound on Beech Street in Oxford, Ohio when she observed appellant's vehicle backing toward the curb side of the road as if the driver was trying to parallel park. The vehicle then stopped backing, came out into the middle of the street, and drove to the stop sign at the intersection of Beech and Spring Streets. This maneuvering drew the attention of Potts who decided to follow appellant.
Appellant turned left onto Spring Street. When appellant reached the intersection of Spring and Main Streets, he remained stopped "at least 5 to 7 seconds" before turning right onto Main Street. Potts noted that there were no other vehicles at the intersection and described the stop as "unusually long." While they were on Main Street, Potts observed appellant's vehicle "floa[t] towards the right hand side" of the road where cars were parked. Potts testified that appellant came within one foot of the cars before he jerked his car to the left and in doing so, touched the double yellow line. On cross-examination, Potts testified that after appellant jerked his car to the left, the tires of appellant's vehicle were traveling over the double yellow line. Otherwise, appellant did not go out of his lane of traffic. Thereafter, appellant "continued in a weaving course, just floating within the lane all the way down Main Street until [he] approached the stop sign at Chestnut."
At the intersection of Main and Chestnut Streets, appellant turned left onto Chestnut. While driving on Chestnut, appellant again "floated over towards the parked car [before] jerk[ing] his car back * * *." At that point, Potts stopped appellant's vehicle. Appellant, who had a strong odor of alcohol about his person, admitted that he had consumed about three beers with dinner. Appellant was arrested after he failed to satisfactorily complete two field sobriety tests. Potts then transported appellant to the Oxford Police Department where he tested .167 grams of alcohol per two hundred ten liters of breath.
Appellant was charged with driving under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(3). Appellant was also charged with weaving in violation of Oxford Codified Ordinance 331.34(b), which provides that "[n]o person shall operate a vehicle in a weaving or zigzag course unless such irregular course is necessary for safe operation or in compliance with law." Following the denial of his motion to suppress, appellant entered a plea of no contest to the DUI charge and was found guilty. This appeal follows in which appellant raises the following three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS BECAUSE IT'S [SIC] FINDINGS OF FACT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS BECAUSE IT FAILED TO APPLY THE APPROPRIATE TEST OR CORRECT LAW TO THE FINDINGS OF FACT.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS BECAUSE THE TRIAL COURT INCORRECTLY DECIDED THE ULTIMATE OR FINAL ISSUE RAISED IN THE MOTION TO SUPPRESS.
Because all three assignments of error challenge the trial court's denial of appellant's motion to suppress evidence, they will be considered together. At the heart of all three assignments of error is appellant's claim that appellant's floating within his lane of traffic and jerking his vehicle away from parked cars, without more, such as speeding, traveling excessively slow, or braking erratically, did not give the officer reasonable and articulable suspicion to stop appellant. We disagree.
The Supreme Court of Ohio has determined that "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution * * *." Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus. Because Erickson deals with probable cause and traffic violation, we believe that absent a traffic violation, a police officer is nevertheless justified in stopping a defendant if the officer has a reasonable and articulable suspicion that the defendant is engaged in criminal activity. See State v. Wetshtein (Nov. 4, 1998), Summit App. No. 19014, unreported. See, also, State v. Johnson (1995),105 Ohio App.3d 37. Indeed, at the end of its opinion in Erickson, the court "concluded that where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *." Erickson at 11-12.
In the case at bar, Potts' reason for stopping appellant was appellant's weaving course on Main Street in violation of Oxford Codified Ordinance 331.34(b) and his almost striking two parked cars. On the authority of Erickson, appellant's weaving provided a sufficient basis for stopping appellant. Wetshtein, Summit App. No. 19014, unreported, at 2. Since the officer had probable cause to believe appellant had violated a traffic law, the stop was reasonable and the evidence obtained as a result was admissible.
However, even assuming, arguendo, that appellant's "floating" course on Main and Chestnut Streets did not constitute prohibited weaving under Oxford Codified Ordinance 331.34(b), we nevertheless find that appellant's stop was supported by reasonable, articulable suspicion that appellant was operating his vehicle in violation of R.C. 4511.19. In the case at bar, appellant did not just "float" within his lane on two different streets. Appellant's driving also included remaining stopped at a stop sign for an "unusually long" time, weaving within his lane on Main Street which was described as a fairly long street, nearly hitting parked cars on both Main and Chestnut Streets, and jerking his car twice to bring it back onto the roadway. In light of the foregoing, we find that Potts had reasonable suspicion to stop appellant.
We therefore find that appellant's stop was reasonable and that the evidence obtained was admissible. Accordingly, we hold that the trial court properly denied appellant's motion to suppress. Appellant's three assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.