OPINION
Defendant-appellant Wilber B. Barr appeals his conviction on one count of driving while intoxicated (hereinafter "DUI") in violation of R.C. 4511.19. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS AND CASE
Appellant was arrested by Trooper Mills for DUI and left of center on November 25, 1998, while he was driving his vehicle on S.R. 209 in Guernsey County, Ohio. Appellant entered pleas of not guilty to the charges and filed a motion to suppress on December 21, 1998. The basis of the motion to suppress, as pertinent to this appeal, alleged Trooper Mills did not have a reasonable suspicion appellant was committing a criminal offense sufficient to justify an investigatory stop. A hearing on appellant's motion to suppress was held on April 5, 1999. Trooper Mills testified he was going northbound on S.R. 209 on November 25, 1998. At approximately 2:00 a.m., he observed a vehicle, later determined to have been driven by appellant, heading southbound on S.R. 209 on "Jone's Curve." At the point of Jone's Curve, S.R. 209 goes from a four lane highway to a two lane highway. Trooper Mills testified appellant came left of center for a second or two and forced Trooper Mills to move over to the right. Later, on redirect examination, Trooper Mills stated if he had not moved his vehicle to the right, he could have possibly been struck by appellant's vehicle. The uniform traffic citation filed by Trooper Mills did not indicate appellant's driving "almost caused" a crash. Trooper Mills turned around and followed the appellant, eventually pulling appellant over. Trooper Mills did not observe any additional traffic violation while following appellant. The trial court overruled appellant's motion to suppress following the hearing via Judgment Entry filed April 5, 1999. Appellant then changed his plea to no contest on the DUI charge. The left of center charge was dismissed. The trial court entered a finding of guilty and sentenced appellant via Judgment Entry filed April 15, 1999. Appellant appeals the trial court's April 5, 1999 Journal Entry denying his motion to suppress, assigning as error:
 THE TRIAL COURT ERRED IN FINDING THAT THERE WAS A REASONABLE ARTICULABLE SUSPICION FOR THE STATE HIGHWAY PATROLMAN TO STOP THE APPELLANT'S VEHICLE.
We overrule appellant's sole assignment of error. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993), 86 Ohio App.3d 37
. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623,627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Appellant herein does not challenge the trial court's factual findings, but rather challenges its application of the law to those facts. As noted supra, appellant specifically contends Trooper Mills did not have reasonable suspicion to believe appellant was engaging in criminal activity and, therefore, the stop of appellant's vehicle was unconstitutional under the Fourth and Fourteenth Amendments to the United States Constitution and Section XIV, Article I of the Ohio Constitution. We disagree. We do not find appellant's going left of center for a second or two necessitating Trooper Mills' evasive action to be a de minimus violation. We note in five of the cases appellant cites in support of his argument, the defendant's vehicle was driving on or crossing the right edge line. State v. Johnson (1995), 105 Ohio App.3d 37; State v. Gullett (1992),78 Ohio App.3d 138; Village of Ontario v. Matthews (Oct. 23, 1997), Richland App. No. 97-CA-36-2, unreported; State v. Johnson (Aug. 25, 1998), Richland App. No. 98-CA-23, unreported and State v. Glasscock (1996), 111, Ohio App.3d 371. We find this factual difference to be of sufficient significance to support the trial court's conclusion the violation in the case sub judice was not the de minimus.
For the foregoing reason, the judgment of the Cambridge Municipal Court is affirmed.
By: HOFFMAN, P.J. FARMER, J. and EDWARDS, J.