OPINION
Defendant-appellant, Juan Williams, appeals the decision of the Clinton County Court of Common Pleas denying his motion to suppress evidence. We affirm the trial court's decision.
At approximately 9:30 a.m. on August 29, 1999, Ohio State Highway Patrol Trooper James Slusher, Jr. observed a vehicle traveling northbound on Interstate 71 at about fifty m.p.h. in a posted sixty-five m.p.h. zone. Trooper Slusher proceeded to follow the vehicle. He observed the vehicle travel over the right edge line as it approached a semi tractor-trailer; travel over the left edge line as it passed the semi; and cross the right edge line again after re-entering the right lane to complete the pass. Trooper Slusher stopped the vehicle due to "the possibility of impairment [of the driver]."
After Trooper Slusher identified appellant as the driver, he summoned backup officers to the scene because appellant appeared nervous and there was a question as to the ownership of the vehicle. While Trooper Slusher waited for the backup officers to arrive, he attempted to ascertain the identity of the vehicle's owner and he ran standard license and warrant checks. Approximately twenty-six minutes later, Trooper James D. Williams arrived with his canine partner, "Billi." At this time, Trooper Slusher read appellant his Miranda rights.
Trooper Williams and Billi walked around the vehicle. Billi alerted and indicated the passenger side of the vehicle. The troopers searched the vehicle and found sixty pounds of marijuana and $38,000 in the trunk. The troopers also found $25,000 located under the passenger's and driver's seats, a loaded .45 caliber Taurus handgun on the arm rest area of the back seat and a .9 millimeter handgun in a console immediately beside the driver's right leg.
The Clinton County Grand Jury indicted appellant on one count of possession of marijuana and two counts of carrying a concealed weapon. Appellant filed a motion to suppress, arguing that the circumstances of his detention and subsequent arrest violated the Fourth Amendment prohibition against unreasonable searches and seizures. The trial court denied appellant's motion.
On appeal, appellant raises the following assignment of error:
THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE SUPPRESSION MOTION BECAUSE THE VEHICLE STOP IN THIS CASE, AND THE SUBSEQUENT SEARCH AND ARREST VIOLATED THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION FOURTEEN OF THE OHIO CONSTITUTION.
In his assignment of error, appellant asserts that the trial court erred by overruling his motion to suppress. He presents four issues for consideration. Appellant argues in his first issue that the initial stop was invalid. Appellant relies on State v. Gullett (1992),78 Ohio App.3d 138, and State v. Johnson (1995), 105 Ohio App.3d 37 . Appellant argues specifically that crossing a marked lane line is not necessarily an offense that would justify a traffic stop.
The Fourth Amendment of the United States Constitution gives people the right "to be secure *** against unreasonable searches and seizures." The Ohio Supreme Court has held that "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Dayton v.Erickson (1996), 76 Ohio St.3d 3, 11-12. A police officer's personal observation of a traffic violation provides probable cause to stop a motor vehicle. Whren v. United States (1996), 517 U.S. 806, 810,116 S.Ct. 1769, 1772; Erickson at 11.
In the case at hand, Trooper Slusher observed appellant's vehicle travel over the right edge line when it approached a semi truck, travel over the left edge line while passing the semi, and cross the right edge line again after it re-entered the right lane completing the pass. Appellant committed three marked lane violations in all. See R.C. 4511.33. Since Trooper Slusher observed these three marked lane violations, he had probable cause to stop appellant.
The cases cited by appellant concerning de minimis traffic violation stops have been effectively overruled by the Ohio Supreme Court's decisions in State v. Wilhelm (1998), 81 Ohio St.3d 444, and Erickson,76 Ohio St.3d at 3. This court has expressly overruled State v. Johnson
(1995), 105 Ohio App.3d 37, and its progeny to the extent those cases incorrectly maintain that an officer must have a reasonable articulable suspicion to initiate a traffic stop even where the driver of the vehicle has committed a minor traffic violation. State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128, unreported.
In his second issue, appellant argues that his subsequent detention was longer than necessary to effectuate the purpose of the original stop. An investigative stop may last no longer than necessary to achieve the purpose of the stop. Florida v. Royer (1983), 460 U.S. 491, 500,103 S.Ct. 1319, 1325-1326; State v. Bevan (1992), 80 Ohio App.3d 126, 129. In determining whether a detention is reasonable, the court must look at the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177,178; State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. For example, where the stop is based upon a reasonable suspicion that a motorist has committed a traffic violation, an officer may detain the motorist only long enough to issue a warning or citation.State v. Myers (1990), 63 Ohio App.3d 765, 771.
However, if the circumstances attending a stop produce a reasonable suspicion of some other illegal activity, the officer may detain the vehicle and driver for as long as that new articulable and reasonable suspicion continues. Id. Furthermore, when conducting an investigative stop for a traffic violation, a police officer may detain a motorist for a period of time sufficient to issue the motorist a citation and to perform routine procedures such as a computer check on the motorist's driver's license, registration and vehicle plates. State v. Carlson
(1995), 102 Ohio App.3d 585, 598, citing State v. Keathley (1988),55 Ohio App.3d 130, 131-132, and Delaware v. Prouse (1979), 440 U.S. 648,659, 99 S.Ct. 1391, 1399.
Trooper Slusher observed that appellant was nervous and there was a question about the ownership of the vehicle. Due to these indicators, Trooper Slusher had a reasonable suspicion of illegal activity. Further, while waiting for the canine unit to arrive, Trooper Slusher was attempting to complete the routine procedure of ascertaining the identity of the ownership of the vehicle. Under all these circumstances, appellant's twenty-six minute detention was not unreasonable.
Appellant argues in his third issue that the automobile exception for a warrantless search was not justified under the circumstances. However, in the case at hand, a canine sniff and alert preceded the search. This court has held that the use of a canine to conduct a sniff of an automobile is not a search and does not violate a reasonable expectation of privacy. State v. French (1995), 104 Ohio App.3d 740, 749. See, also,State v. Waldroup (Jan. 30, 1995), Preble App. No. CA94-007-018, unreported; State V. Paliski (1994), 97 Ohio App.3d 175, 180-181. Furthermore, once a trained dog alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband under the "automobile exception" to the warrant requirement of the Fourth Amendment. French at 749.
Finally, appellant argues in his fourth issue that the search of his vehicle constituted an impermissible search incident to arrest. This issue is rendered moot since we have concluded the troopers had probable cause to search the vehicle. See App.R. 12(A).
 All the issues presented by appellant are without merit and the assignment of error is overruled.
 ___________________ POWELL, J.
VALEN, P.J., and WALSH, J., concur.