OPINION
{¶ 1} Jeffrey Schwieterman appeals from his conviction and sentence in the Darke County Court on one count of driving with a prohibited breath-alcohol content in violation of R.C. § 4511.19(A)(3).
 {¶ 2} In his sole assignment of error, Schwieterman contends the trial court erred in overruling his motion to suppress evidence obtained after a police officer stopped him for a "marked lanes" traffic violation.
 {¶ 3} The record reflects that state trooper Ryan Elsey stopped Schwieterman on March 12, 2002, after observing him weave within his lane and cross the right-hand edge line of the roadway three times over a distance of one mile. Schwieterman's tire remained over the white edge line for one or two seconds each time. On one of the occasions, his tire crossed the edge line by approximately one foot. The other two times, his tire crossed the edge line by only about six inches. (See May 23, 2002, suppression hearing transcript at 6-7).
 {¶ 4} After stopping Schwieterman, Elsey detected various indicia of alcohol consumption, including an odor of alcohol, slurred speech, glassy eyes, and slow, deliberate movements. Schwieterman lost his balance upon exiting his vehicle and admitted having consumed several beers. In Elsey's opinion, Schwieterman also performed poorly on three field sobriety tests. As a result, the officer placed him under arrest and took him to the Greenville police department, where a BAC test revealed the presence of .110 grams of alcohol per 210 liters of Schwieterman's breath. Based on the foregoing facts, he was charged with violating R.C. § 4511.19(A)(1), R.C. § 4511.19(A)(3), and R.C. § 4511.33. He subsequently filed a motion to suppress, arguing inter alia that Elsey lacked a reasonable, articulable suspicion of criminal activity to justify the initial traffic stop. After conducting a hearing, the trial court disagreed and overruled Schwieterman's motion. The matter proceeded to a bench trial, and he was found guilty of driving with a prohibited breath-alcohol content in violation of R.C. §4511.19(A)(3).[1]
 {¶ 5} Schwieterman's only argument on appeal is that Elsey lacked a reasonable, articulable suspicion of criminal activity to justify a traffic stop because crossing the right-hand edge line three times over a distance of one mile does not constitute a violation of R.C. § 4511.33. The foregoing statute provides as follows:
 {¶ 6} "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or whenever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 {¶ 7} "(A) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
 {¶ 8} On appeal, Schwieterman insists that not every slight failure to stay within a marked lane constitutes a violation of R.C. § 4511.33. In support, he stresses that the statute only requires a driver to remain entirely within a lane "as nearly as is practicable." Schwieterman also cites three cases from the Fifth and Eleventh Districts for the proposition that minor deviations from a marked lane do not justify a traffic stop for violating R.C. § 4511.33. In the first case, Village of Ontario v. Mathews (October 23, 1997), Richland App. No. 97-CA-36-2, the officer made a traffic stop after the appellant's tires twice crossed the edge line by approximately one foot over a distance of one-half mile. On review, the Fifth District suggested that a de minimis traffic violation is insufficient to justify a traffic stop. Id. at *4, citing State v. Johnson (1995), 105 Ohio App.3d 37. In the second case, City of Mentor v. Phillips (Dec. 29, 2000), Lake App. No. 99-L-119, the officer observed the left tires of the appellant's pick-up truck travel onto, but not across, the white line dividing two lanes of traffic. On review, the Eleventh District concluded that the appellant did not violate the marked lanes statute by momentarily touching the white line. Finally, in State v. Worthy (Dec. 1, 2000), the officer observed the appellant's vehicle cross partially into the left-hand lane for a brief period of time before returning to the curb lane. On review, the Fifth District stated that a de minimis "marked lanes" violation, without other evidence of impairment, does not justify an investigative stop. The Worthy court also concluded that the appellant's brief "drift" into another lane was not a violation of Ohio's traffic laws. In each of the foregoing cases, the appellate court based its decision, in part, on the portion of R.C. § 4511.33(A) that only requires a driver to remain entirely within a single lane of traffic "as nearly as is practicable."
 {¶ 9} Upon review, we find Schwieterman's argument to be unpersuasive. As an initial matter, we question the Fifth District's suggestion in Mathews that a de minimis traffic violation does not justify a traffic stop. See Whren v. United States (1996), 517 U.S. 806;Dayton v. Erickson, 76 Ohio St.3d 3, 11-12, 1996-Ohio-431 ("[W]e conclude that where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question."). We also find Phillips to be factually distinguishable, insofar as the vehicle in that case did not cross the lane marking and, therefore, at least arguably did not commit even a de minimis violation of R.C. § 4511.33. Finally, insofar as Worthy
suggests that a brief, unexplained "drift" into another lane does not justify a traffic stop, we simply disagree.[2]
 {¶ 10} In State v. Wilhelm (April 14, 1997), Butler App. No. CA96-12-272, the Twelfth District considered facts very similar to those in the present case and largely adopted the reasoning urged by Schwieterman herein. On review, the Ohio Supreme Court summarily reversed the Twelfth District. As in the present case, the arresting officer inWilhelm had observed the appellant's passenger-side tires cross the right edge line three times. On each occasion, the appellant's tires crossed only one or two inches over the edge line. In light of these facts, the Twelfth District concluded, over a dissent by Judge Powell, that the officer was not justified in making a traffic stop for a violation of R.C. § 4511.33. In reaching its conclusion, the Twelfth District noted, as does Schwieterman, that the statute only requires a driver to stay within a single lane "as nearly as is practicable." The Ohio Supreme Court reversed the Twelfth District, in a one-sentence opinion, on the authority of Dayton v. Erickson, supra. See State v. Wilhelm,81 Ohio St.3d 444, 1998-Ohio-613.
 {¶ 11} In light of Wilhelm, we find Schwieterman's assignment of error to be unpersuasive. As noted above, Ohio's "marked lanes" statute requires a driver to remain in a single lane "as nearly as is practicable." In this context, the word "practicable" means "performable, feasible or possible." State v. Hodge, 147 Ohio App.3d 550,2002-Ohio-3053. As the Seventh District explained in Hodge:
 {¶ 12} "The legislature did not intend for a motorist to be punished when road debris or a parked vehicle makes it necessary to travel outside the lane. Nor, we are quite certain, did the legislature intend this statute to punish motorists for traveling outside their lane to avoid striking a child or animal. We are equally certain that the legislature did not intend to give motorists the option of staying within their lane at their choosing. Common sense dictates that the statute is designed to keep travelers, both in vehicles and pedestrians, safe. The logical conclusion is that the legislature intended only special circumstances to be valid reasons to leave a lane, not mere inattentiveness or carelessness. To believe that the statute was intended to allow motorists the option of when they will or will not abide by the lane requirement is simply not reasonable." Id. at 558.
 {¶ 13} Upon review, we find the foregoing reasoning to be persuasive. As long ago as 1990, this court recognized that a driver's unexplained movement across a lane marker and back justifies a traffic stop for a possible violation of R.C. § 4511.33. See State v.Baldauf (May 21, 1990), Darke App. No. 1244 ("Appellant does not dispute that he operated his vehicle outside the properly marked lane by driving onto the right-hand berm of a roadway for no readily apparent reason. He thus may have violated R.C. 4511.33 and Officer Rose, as witness to this possible violation, had reasonable grounds under Terry to stop and further investigate."). Indeed, absent any readily apparent cause for a motorist to have strayed from his lane of travel, a police officer reasonably may infer that it was practicable for the motorist to have stayed in one lane. Consequently, Schwieterman committed an apparent traffic violation in the present case, as he crossed the right edge line three times when it appears to have been practicable for him to have stayed entirely within a single lane. As a result, Elsey was justified in making a traffic stop. Whren, supra; Erickson, supra. Accordingly, we overrule Schwieterman's sole assignment of error and affirm the judgment of the Darke County Court.
 {¶ 14} Judgment affirmed.
GRADY, J., and YOUNG, J., concur.
[1] The trial court ultimately found Schwieterman not guilty of violating R.C. § 4511.33, and the prosecutor appears not to have pursued the charge of violating R.C. § 4511.19(A)(1).
[2] Notably, in another Fifth District case, State v. Kearns (Nov. 6, 2001), Richland App. No. 01-CA-6, the court addressed facts almost identical to those in the present case and found that a traffic stop for a violation of R.C. § 4511.33 was justified. In that case, the police officer "observed the passenger-side tires of appellant's vehicle cross the painted right-side edge line of the highway by approximately six to eight inches, `about three times within approximately one mile.'" Based on those facts, the Fifth District concluded that the officer had a reasonable, articulable suspicion of a "marked lanes" violation.