This timely appeal arises out of the Columbiana County Common Pleas Court's judgment granting appellee Ronald Brown's motion to suppress. For the following reasons, the decision of the trial court is reversed and this cause is remanded.
 I. FACTS
At 4:00 a.m. on September 24, 1996, East Liverpool Police Officers Raymond Baker and Thomas Clark noticed appellee driving down an alley in a high-drug activity area. As the officers' car passed appellee's car, appellee rolled his window down and told the officers that he was going home, which they found unusual. The officers turned their car around to further observe appellee who had turned onto Pennsylvania Avenue and headed west. The officers watched appellee's car straddle the solid white line that separated the left hand turning lane from the through-traffic lane at the Mulberry Street intersection. Appellee proceeded through the intersection where Pennsylvania Avenue turns into Route 39, a four lane highway. He then drove up the hill on Route 39 straddling the broken white line that divided the two west-bound lanes of the road. After the officers observed this lane-straddling for "several hundred feet" or "a couple of hundred yards," they signaled for appellee to pull over.
As the officers approached appellee's car, they noticed nervous movements. As a result, Officer Baker asked appellee to step out of the car, performed pat-down, and found a pocket knife. Officer Baker noticed the smell of alcohol on appellee's breath and administered a field sobriety test, which appellee passed. Meanwhile, Officer Clark ran appellee's name through the computer and discovered that appellee was driving without an operator's license. After appellee was arrested, the officers requested a tow truck and conducted an inventory search. This search revealed a loaded gun hidden beneath a towel under the armrest.
Appellee received two traffic citations: driving without a license and "Lanes of Travel Left of Center in violation of section 4511.25." As for the gun, appellee was indicted on one count of carrying a concealed weapon. After a preliminary hearing on the concealed weapon charge, appellee filed a motion to suppress. He alleged that the arresting officers lacked the requisite "reasonable and articulable suspicion" to pull his vehicle over. The trial court granted appellee's motion to suppress, stating that the officers lacked "probable cause" to stop appellee because the law does not prohibit driving in two lanes that travel in the same direction as long as it is done safely. The state filed timely notice of appeal.
 II. ASSIGNMENT OF ERROR
The state's sole assignment of error alleges:
 "The trial court clearly erred [in] its application of the current state of the law regarding probable cause for the stop of a motor vehicle in the present case."
Our standard of review in an appeal of a suppression issue is two-fold. State v. Lloyd(Apr. 15, 1998), Belmont App. No. 96 BA 31, unreported, 2. As the trial court is in the best position to evaluate witness credibility, we must uphold the trial court's findings of fact if they are supported by competent, credible evidence. State v. Dunlap(1995), 73 Ohio St.3d 308, 314; Statev. Fanning(1982), 1 Ohio St.3d 19, 20; State v. Winand(1996),116 Ohio App.3d 286. However, we must then conduct a de novo review of the trial court's application of the law to the facts.State v. Anderson(1995), 100 Ohio App.3d 688, 691; State v.Strassman(Nov. 20, 1998), Athens App. No. 98 CA 10, unreported, 2; Lloyd, supra at 2. Thus, whether the trial court met the applicable legal standard is a question of law answered without deference to the trial court's conclusion. Id.
The trial court stated that the applicable statute is R.C.4511.33, rather than R.C. 4511.25, and found that appellee was not guilty of such offense. Appellee was cited for violating R.C.4511.25 which deals with left of center violations. R.C. 4511.33
is entitled "Rules for driving in marked lanes" and provides in pertinent part:
 "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or whenever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 (A) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
As such, the trial court correctly stated that, because appellee did not drive left of center but did leave the marked lane, R.C. 4511.33 is the applicable statute. However, the issue is whether the officers could have reasonably concluded from appellee's driving that appellee was violating a traffic law. SeeDayton v. Erickson(1996), 76 Ohio St.3d 3, 11-12(holding that when an officer has an articulable and reasonable suspicion or probable cause to stop a driver for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's subjective motivation for stopping the driver). The trial court cited the law of Erickson, but went on to state that the officers in the present case lacked probable cause to stop appellee.
However, reasonable suspicion, not probable cause, is required to make an investigatory stop of a vehicle. State v. Bobo(1988),37 Ohio St.3d 177, 178. The officers "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Terry v. Ohio(1968), 392 U.S. 1, 21. Terry is not violated simply because an officer improperly cites a driver; the improper citation merely results in the driver being found not guilty of the improper citation. State v. Lillstrung(Sep. 18, 1998), Lake App. No. 97-L-2901, unreported, 5; State v. Meade
(May 13, 1997), Mahoning App. No. 95-CA-76, unreported.
Many courts have grappled with the issue of what type of driving justifies an investigative stop. It has been held that evidence of a momentary or minuscule crossing of a lane line or weaving within a lane, without more, does not justify an investigatory stop. State v. Johnson(1995), 105 Ohio App.3d 37,41; State v. Droqi(1994), 96 Ohio App.3d 466, 469; State v.Gullet(1992), 78 Ohio App.3d 138, 141-45. In Drogi,this court held that insubstantial drifts across lane lines does not give rise to reasonable and articulable suspicion sufficient to outweigh a citizen's right to privacy. Drogi can be distinguished from the case at hand in that Drogi was driving, "for the most part, within a single lane of traffic." Id. at 469. In the case at bar, however, appellee was driving in two lanes, with half his car in one lane and half his car in another lane. Appellee's failure to operate his vehicle within the marked lanes was more than a momentary lapse or a de minimis marked lanes violation.
The trial court stated that appellee's motion to suppress should be granted because operation of a vehicle outside of the marked lanes does not violate R.C. 4511.33 as long as appellee ascertained that the movement could be made with reasonable safety. The statute mandates driving in one lane at a time if practicable and allows movement from lane to lane if it is safe to do so. If it was impracticable for appellant to drive in only one lane due to an obstruction or large pot holes, then appellant may be found not guilty of the traffic offense. Nonetheless, such lane-straddling still may give rise to reasonable suspicion to stop a vehicle. For instance, a reasonable police officer may believe from experience that this type of driving is generally only performed by those who are intoxicated or those who are paying insufficient attention to driving. Either type of driver may require police intervention to avoid an accident.
Furthermore, whether appellee ascertained that it was safe to move out of the marked lanes and whether the lane lines were faded are not questions that the trial judge should be deciding at a suppression hearing. These are question of fact not properly before a trial court when deciding whether reasonable suspicion to stop a car exists. These particular findings of fact are defenses to the traffic violation, not facts negating an officer's reasonable suspicion.
The suppression hearing on the concealed weapon charge was not the place to determine whether or not appellant was guilty of driving outside of marked lanes. The court's only duty was to determine whether the officers possessed specific and articulable facts which would lead to a reasonable suspicion that a traffic violation, such as drunk driving, was occurring. See Reid v.Georgia(1984), 448 U.S. 438; Delaware v. Prouse(1979),440 U.S. 648. The propriety of an investigative stop by police officers must be evaluated in light of the totality of the circumstances.Bobo, supra at 178. In the present case, the officers observed what they reasonably believed to be a traffic violation by a person who recently made what they considered to be an unusual statement to them in an alley at 4:00 a.m. in a high drug area. For the reasons set forth above, there existed specific and articulable facts justifying an investigative stop of appellee's vehicle. Accordingly, appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Donofrio, J., concurs.
Waite, J., concurs.
 APPROVED: ____________________________________ JOSEPH J. VUKOVICH, JUDGE