RIEBEL *v.* CURRY, REGISTRAR, BUREAU OF MOTOR VEHICLES.

(No. 375320—Decided January 30, 1974.)

Franklin County Municipal Court.

*Mr. Thomas J. Mirras,* for plaintiff.
*Mr. George C. Smith,* for defendant.

WEST, J.   Petitioner was arrested October 14, 1973, by Ohio State Highway Patrolman T. J. Breece on a charge of operating a motor vehicle while under the influence of alcohol.   He was taken to highway patrol headquarters where he was asked to perform certain physical tests and to submit a breath sample for a chemical test to determine the alcoholic content of his blood.

Pursuant to R. C. 4511.191 (D) the arresting officer submitted to the registrar of motor vehicles a sworn report that he had placed Mr. Riebel under arrest, that the affiant had reasonable grounds to believe the subject was operating a motor vehicle upon the public highways in Ohio while under the influence of alcohol and that he did refuse to submit to the designated chemical test of his breath when requested to do so after having been advised in the prescribed manner of the consequences of such refusal.

On November 15, 1973, the registrar notified Mr. Riebel that because of the alleged refusal to comply with the officer's request that he submit to a chemical test his driver's

license was suspended for six months commencing November 15 unless within twenty days of the mailing of the notice he filed a petition in the appropriate court alleging error.

The petition was filed in this case November 23, 1973, and a hearing was held in accordance with R. C. 4511.191 (F). It was agreed the sole issue to be determined was whether Mr. Riebel refused to comply with the officer's request that he submit to a chemical test of his breath.

Patrolman Breece, a certified senior Breathalyzer operator, testified Mr. Riebel agreed to take the test, was shown the machine and was told to blow into the mouthpiece. He said Mr. Riebel did blow but refused to give an adequate sample. He told Mr. Riebel to blow like blowing up a balloon and to blow harder; he pointed out the red light on the machine which is extinguished when enough air goes in to move a plunger up permitting the breath to enter a cylinder where it is held; he asked Mr. Riebel to blow hard enough to put out the red light. Mr. Riebel blew-and blew-and blew, but according to the officer never hard enough to give a cylinder of breath. The officer, after giving him three or more chances, decided that Mr. Riebel was not trying to give an adequate sample and told him he would mark the records to show a refusal. No further effort was made to get an adequate sample.

The Breathalyzer was working properly immediately before and after the attempt to get a breath sample from Mr. Riebel and there is no reason to believe it was not in working order when Mr. Riebel was blowing. Mr. Riebel was not asked to submit a blood or urine specimen although the officer explained the consequences of a refusal to submit to the chemical test that was offered, in this case breath, and the officer also explained the plaintiff had a right to further tests of his own choosing at his own expense.

Patrolman Breece conceded that the Breathalyzer instruction manual indicates the operator should demonstrate to the subject what he is to do by blowing into a mouthpiece not connected with the machine. In this case Mr. Riebel was not shown that he was to put the mouthpiece in his

mouth. He was shown the mouthpiece which was attached to the tube on the breathalyzer, was told to blow into it and to be careful not to pull it out too far or it would become disconnected.

The mouthpiece for a Breathalyzer was shown in evidence. It looks less like something to place in one's mouth and more like something to stick in the top of a whiskey bottle for dispensing a measured shot.

Over the objection of plaintiff the court admitted and viewed the video tape of the proceedings at the highway patrol headquarters. It showed Mr. Riebel to be most cooperative, carefully following the instructions given by the officer. Patrolman Breece showed him how he was to walk heel to toe on a line, showed him how to stand for the balance test and the finger to nose test but didn't demonstrate how to put the Breathalyzer mouthpiece in his mouth. Mr. Riebel, a very tall man, had to bend over nearly double in a very awkward position to reach the Breathalyzer mouthpiece. The camera saw clearly that he was blowing into the mouthpiece without putting it in his mouth. When told to blow harder he blew harder—several times. This was seen and heard on the video tape. It was obvious he was trying to follow the instructions as he understood them. Patrolman Breece was not in a position to see what Mr. Riebel was doing wrong. He could see the machine was not getting an adequate sample and simply ran out of patience after Mr. Riebel's numerous attempts were unsuccessful.

We must consider whether the implied consent law permits a Breathalyzer operator to decide failure to give an adequate sample of breath for testing is a refusal to submit to a test.

A refusal not only subjects one to a six month suspension of his driver's license but the fact of the refusal also may be used against him in the prosecution of the charge of operating a motor vehicle while under the influence of alcohol. *Westerville* v. *Cunningham* (1968), 15 Ohio St. 2d 121.

For the purpose of R. C. 4511.191, a refusal to submit

74

to a chemical test of the blood, breath or urine will occur where a person by his acts, words or general conduct, manifests an unwillingness to submit to a test. Such refusal need not have been knowingly and intentionally made. *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111.

In this case the court finds Mr. Riebel was willing to submit to a test and was willing to comply with instructions. The instructions given him were incomplete and no effort was made by the officer to determine why Mr. Riebel's efforts were not producing an adequate sample of breath.

Unless there is a refusal to comply with instructions for blowing into a Breathalyzer, failure to produce an adequate sample of breath for testing is not a refusal to submit to a chemical test upon the request of the arresting officer as required by R. C. 4511.191.

The petitioner having shown error in one of the four matters within the scope of the hearing, namely that there was no refusal to submit to a chemical test, the petition is granted and no suspension shall be imposed. The cost of these proceedings shall be paid out of the Franklin County Treasury.

*Petition granted.*