**The STATE of Ohio, Appellant,**

v.

**GLASSCOCK, Appellee.**

[Cite as *State v. Glasscock* (1996), 111 Ohio App.3d 371.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA95–12–022.

Decided May 28, 1996.

*R. Alan Corbin,* Brown County Prosecuting Attorney, and *Stephen J. Tissandier,* Assistant Prosecuting Attorney, for appellant.

*Lawrence R. Fisse,* for appellee.

WALSH, Presiding Judge.

The state of Ohio appeals a decision of the Brown County Court which granted the motion of defendant-appellee, John R. Glasscock, to suppress evidence.

On December 8, 1994, at approximately 1:49 a.m., Brown County Deputy Sheriff Jerry Crawford observed a vehicle traveling west on State Rte. 32 in Brown County, Ohio. State Rte. 32 is a four-lane divided highway with two westbound lanes and two eastbound lanes. Crawford, who was on routine patrol, was at the intersection of State Rte. 32 and Eastwood Road when he observed the vehicle.

Crawford testified that when the vehicle passed the intersection, he did not observe any traffic violation and it appeared that it was being operated within the speed limit. Crawford also stated that, at that point, he had no reason to believe that the vehicle was being operated by a driver who was under the influence of alcohol. Nevertheless, Crawford proceeded to follow the vehicle for approximately one hundred yards.

Crawford testified that he accelerated rapidly in order to catch up with the vehicle and observe the operator's driving. While following the vehicle, Crawford stated that he noticed the left front and rear tires of the vehicle cross the line dividing the two westbound lanes. Crawford stated that he then noticed the right tires of the vehicle ride but not cross the right edge line.

Crawford activated his overhead lights and the vehicle pulled to the side of the road. Crawford approached the vehicle and identified appellee as the driver. Crawford stated that he detected an odor of alcohol about appellee's person. In response to Crawford's request, appellee agreed to perform field sobriety tests and a portable breath test. However, the results of the field sobriety tests and portable breath test were inconclusive.[1]

Subsequently, Trooper Shelley Walden of the Ohio State Highway Patrol arrived on the scene and administered a horizontal gaze nystagmus test to appellee. Crawford testified that while he could see Walden administering the test to appellee, he could not see appellee's eyes as the test was being administered.

Despite the inconclusive field sobriety and portable breath tests, Crawford determined that appellee was intoxicated.[2] Appellee was placed under arrest and charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and with failure to drive upon the right half of the roadway in violation of R.C. 4511.25. Appellee was transported to the Brown County Sheriff's Department where, upon request, he submitted to another breath test on a breath alcohol content ("BAC") Datamaster machine.

---

1. The record indicates that appellee explained to Crawford that he suffers from back problems and walks with a slight limp. Thus, appellee was unable to perform the field sobriety tests in a manner sufficient to enable Crawford to make a determination as to appellee's balance and coordination. Appellee agreed to submit to two portable breath tests, the first of which produced a reading of .08 and the second of which failed to produce a reading at all.

2. Crawford testified that his determination that appellee was operating his vehicle while under the influence of alcohol was based upon the results of the horizontal gaze nystagmus test as communicated to him by Walden, the way appellee handled the portable breath test that Crawford administered, the fact that appellee was not looking toward Crawford when he was talking, and the odor of alcoholic beverage which he smelled about appellee's person.

Deputy Sheriff James Sininger testified that he administered the breath test on the BAC Datamaster to appellee and that appellee attempted to take the test. However, the machine failed to produce a reading despite appellee's efforts in blowing into the mouthpiece.[3] The machine printed out an evidence ticket indicating that appellee's test was a refusal. According to Sininger, an evidence ticket indicating a refusal means that the machine has not received an adequate air sample in order to produce a reading, not that appellee refused to take the test.

Appellee moved to suppress evidence obtained subsequent to the stop of his vehicle on the grounds that Crawford lacked reasonable suspicion to stop his vehicle. On October 30, 1995, the trial court granted appellee's motion and suppressed all evidence related to appellee's arrest for driving under the influence. The trial court also suppressed appellee's refusal to submit to the breath test. It is from this judgment that the state of Ohio now appeals, setting forth the following assignments of error:

Assignment of Error No. 1:

"The court erred in granting defendant's motion to suppress because the arresting officer had sufficient probable cause under the Fourth Amendment to stop defendant's motor vehicle."

Assignment of Error No. 2:

"The court erred in suppressing defendant's refusal."

In its first assignment of error, the state contends that the trial court erred in granting appellee's motion to suppress because the arresting officer had probable cause to stop appellee's vehicle.

An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence. *Maumee v. Johnson* (1993), 90 Ohio App.3d 169, 171, 628 N.E.2d 115, 116; *State v. Emerson* (Mar. 6, 1995), Clermont App. No. CA94–11–093, unreported, 1995 WL 90183. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines "without deference to the trial court, whether the court has applied the appropriate legal standard." *State v. Anderson* (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034, 1036.

---

**3.** Both Crawford and Sininger testified that when appellee blew into the mouthpiece, his cheeks puffed out and his face became red as if he was blowing into the machine. However, both officers also testified that they believed appellee was only pretending to blow into the mouthpiece. Neither officer checked the mouthpiece for possible obstructions and it was discarded immediately after use.

■ The Fourth Amendment to the United States Constitution guarantees individuals the right to be free from unreasonable searches and seizures. *Terry v. Ohio* (1968), 392 U.S. 1, 9, 88 S.Ct. 1868, 1873, 20 L.Ed.2d 889, 898–899. In order to conduct an investigative stop of a motorist, a police officer must have reasonable and articulable suspicion that the motorist is operating his vehicle in violation of the law. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673–674; *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 110, 534 N.E.2d 906, 907–908.

■ "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." *State v. Bobo* (1988), 37 Ohio St.3d 177, 178, 524 N.E.2d 489, 490; *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus. "[W]here a driver commits only a de minimis marked-lanes violation, some other evidence to suggest impairment is needed before an officer is justified in stopping the vehicle." *State v. Johnson* (1995), 105 Ohio App.3d 37, 41, 663 N.E.2d 675, 677, citing *State v. Gullett* (1992), 78 Ohio App.3d 138, 145, 604 N.E.2d 176, 180–181.

Appellee testified that he was traveling west on State Rte. 32 when he noticed the headlights of a vehicle driving up behind him at a high rate of speed. Appellee testified that he could not tell which lane the vehicle was in, but he got over on the right hand side of his lane because he wanted to get out of the way in case the vehicle wanted to pass. Appellee also stated that he did not allow his vehicle to drive into the left lane of the two westbound lanes on State Rte. 32.

Crawford testified that he did not observe appellee violate any traffic regulations or drive in an erratic manner at the point when Crawford decided to follow appellee's vehicle. Crawford also testified that he did not believe that appellee was driving under the influence when appellee passed the intersection of State Rte. 32 and Eastwood Road. Although Crawford indicated that prior to stopping appellee, he observed the left tires of appellee's vehicle cross the center line dividing the two westbound lanes of State Rte. 32 and then ride the right edge line but not cross it, the record indicates that the two incidents were minor and insubstantial. See *Johnson*, 105 Ohio App.3d at 41, 663 N.E.2d at 677–678; *Mason v. Loveless* (1993), 87 Ohio App.3d 264, 266, 622 N.E.2d 6, 7.

■ After carefully reviewing the record, we find that Crawford lacked reasonable suspicion to stop appellee under the circumstances. The record indicates that Crawford merely observed "a minor traffic irregularity, not suggestive of impaired driving." *Johnson*, 105 Ohio App.3d at 42, 663 N.E.2d at 678. Accordingly, the minor crossing of the center dividing line and riding along the right edge line were insufficient to provide Crawford with a reasonable articula-

ble suspicion that appellee was driving under the influence. *Id.* The trial court applied the appropriate legal standard in granting appellee's motion to suppress. See *Anderson,* 100 Ohio App.3d at 691, 654 N.E.2d at 1036. The state's first assignment of error is overruled.

In its second assignment of error, the state contends that the trial court erred in suppressing appellee's refusal to submit to a breath test.

■■ "[A] refusal to submit to a chemical test of the blood, breath or urine will occur where a person, by his acts, words or general conduct, manifests an unwillingness to submit to the test." *Hoban v. Rice* (1971), 25 Ohio St.2d 111, 54 O.O.2d 254, 267 N.E.2d 311, paragraph three of the syllabus. A person's refusal to submit to a chemical test occurs whenever a preponderance of the evidence demonstrates that such person's conduct provides justification for a reasonable requesting officer to believe that the person was capable of refusing the test and displayed an unwillingness to submit to the test. *Andrews v. Turner* (1977), 52 Ohio St.2d 31, 6 O.O.3d 149, 368 N.E.2d 1253, paragraph one of the syllabus. "Unless there is a refusal to comply with instructions for blowing into a Breathalyzer, failure to produce an adequate sample of breath for testing is not a refusal to submit to a chemical test upon the request of the arresting officer * * *." *Riebel v. Curry* (M.C.1974), 38 Ohio Misc. 71, 67 O.O.2d 272, 313 N.E.2d 26, syllabus.

■ The record indicates that appellee did not refuse to submit to a breath test upon the request of Crawford or Sininger. At the scene, appellee blew into the portable breath test machine on two occasions at Crawford's request, the first producing a reading of .08 and the second failing to produce a reading at all. At the police station, upon the request of Sininger, appellee submitted to a breath test on a BAC Datamaster machine, which failed to produce any results. Further, both Crawford and Sininger testified that appellee complied with their requests to submit to the breath tests, did not verbally refuse to submit to the tests, and attempted to take the tests.

Crawford and Sininger testified that when appellee blew into the mouthpiece, his cheeks puffed out and his face became red. Although both officers testified that they believed appellee was pretending to blow into the machine, neither officer checked the mouthpiece for obstructions prior to disposing of it. Appellee testified that he attempted to blow into the Datamaster machine but could not cause air to pass through the mouthpiece. Appellee stated that he did not do anything that would have obstructed the flow of air through the mouthpiece.

After a careful review of the record, we find that appellee did not refuse to submit to a breath test and the trial court was correct in suppressing his refusal.

Accordingly, the trial court did not err in granting appellee's motion to suppress. The state's second assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and POWELL, JJ., concur.