ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This is an accelerated appeal under App. R. 11.1, which allows for our decisions to be in brief, conclusory form. Consequently, this opinion will not contain a "comprehensive exposition of our reasons" for affirming the trial court's decision. See State v.King (Sept. 10, 1998), Cuyahoga App. No. 73874, unreported.
Appellant Della Thomas appeals the trial court's denial of her motion to suppress a crack pipe, which the police seized during an investigation of a domestic dispute involving Thomas and her boyfriend. Thomas assigns one error for our review.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SUPPRESS.
After reviewing the evidence and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On June 25, 1998, the police arrived at the Thomas' home after receiving a call that a female assaulted a male with a meat cleaver. The police observed Thomas and her boyfriend running toward them in an agitated state. The police separated the two, and one of the officers patted Thomas down for weapons. After feeling a hard object in Thomas' pocket, one of the officers reached into Thomas' pocket and removed a crack pipe measuring approximately three and one-half inches in length and one centimeter in diameter. Thereafter the officer arrested Thomas and charged her with drug abuse.
Thomas filed a motion to suppress the crack pipe alleging that the officer exceeded the scope of the patdown search authorized by Terry v. Ohio (1968), 392 U.S. 1 when he removed the object without a reasonable basis for the seizure.
At the suppression hearing, Officer Shamode Wimberly gave the following testimony:
 Q: And what did you do when you separated them; what did you do specifically?
 A. Before questioning the female, I immediately patted her down, searching for any weapons.
* * *
Q: And the purpose of your patting her down was what?
 A: For officer safety, because of the call, because of the nature of the call.
* * *
Q: What, if anything, did you find?
 A: When I felt around her [waist] area, and then down in her pants leg, on her right pocket, or right side, I felt a hard object.
Q: Rear or front pocket?
A: The front pocket.
 Q: Okay. And could you describe the size of the hard object that you felt.
 A: When I felt the hard object, I immediately just went inside the pocket to remove it.
Q: Okay. And why did you do that?
A: If it might have been a weapon, any type of weapon or not.
 Q: So you felt a hard object, and went into her pocket to retrieve it, `cause you thought it might be a weapon?
A: Right, some type.
Q: What, in fact, did you pull out of her pocket?
A: Immediately, I noticed it to be a crack pipe.
(Tr. 8 — 10.)
On cross examination, Wimberly added:
 Q: You said when you patted down Ms. Thomas for your safety, when you were patting her down you had at least concluded in your own mind, would it be fair to say, that she didn't have a meat cleaver in her possession?
 A: When I patted her down, I had a question in my mind that there might have been some type of weapon.
Q: But not a meat cleaver, right?
 A: It was some type of weapon, either a meat cleaver or any other weapon.
* * *
 A: As I was patting her down, immediately I didn't know what type of weapon she might have had.
 Q: Right, because you weren't sure whether or not there was a weapon of some sort?
A: Exactly.
 Q: So because you weren't sure about that, you wanted to find out what it was?
 A: I wanted to see if there was any type of weapon. That's why I patted her down.
 Q: And you described what you found as a crack pipe, or glass tube, right?
A: Once we removed it from her pocket.
(Tr. 13 — 14.)
 Q: What did you think when you first felt that object in her pocket?
 A: I thought it might have been a handle to something, or there's pocket knives that are that size. When I first felt it in her pocket, I didn't know what it was.
(Tr. 14-15.)
The trial court denied the motion to suppress and made the following statement:
 [T]here doesn't seem to be any dispute to the fact that the original call for this officer was to respond to possible assault with a meat cleaver, a weapon of some sort. To look at it today in hindsight and say that there is no weapon, is different than saying that the officer had no basis to have reasonable belief that there may be a weapon. She was called there for a reason that involved an allegation of violence. And, in addition, it is not required that she find a specific type of weapon. It is only required that she have a reasonable belief that a weapon is present.
 And I think, given all of the circumstances regarding this matter, that clearly this officer had a reasonable basis upon which to base a belief that there was a weapon. And she had the right and, in fact, the duty to attempt to protect herself, as well as the other people around her. Therefore the motion is denied.
(Tr. 22.)
Thereafter, Thomas pleaded no contest to drug abuse and was sentenced to six months in prison.[1] The court also ordered her driver's license to be suspended for one year after her release from prison. This appeal followed.
Thomas' assignment of error challenges the trial court's denial of her motion to suppress the crack pipe. "A trial court's decision on a motion to suppress will not be disturbed when it is supported by substantial credible evidence." State v. Rice (July 14, 1998), Mahoning App. No. 95-CA-234, unreported, citing Maumeev. Johnson (1993), 90 Ohio App.3d 169, 171. State v. Stanley
(1997), 121 Ohio App.3d 673, 696, appeal dismissed (1997),80 Ohio St.3d 1432. "When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, but independently determines `without deference to the trial court, whether the court has applied the appropriate legal standard.'" Rice, citing State v.Glasscock (1996), 111 Ohio App.3d 371, 374, quoting State v.Anderson (1995), 100 Ohio App.3d 688, 691; State v. Kobi (1997),122 Ohio App.3d 160, 168. See also State v. Smith (1997), 80 Ohio St.3d 89,105, certiorari denied (1998), 118 S.Ct. 1811,140 L.Ed.2d 949. ("When reviewing a ruling on a motion to suppress, a court must remain mindful that the weight of the evidence and credibility of witnesses are primarily for the trier of the fact.")
In this case, Officer Wimberly testified that she conducted a patdown search of Thomas because she believed Thomas was armed. She also stated that she didn't know what the object she felt was but thought it might be the handle of something, perhaps a pocket knife. Accepting, as the trial court did, that Wimberly's testimony was truthful, we find no error in the trial court's denial of Thomas' motion to suppress.
The Ohio Supreme Court has held that where an officer detects an object in a suspect's pocket during a patdown search but remains uncertain as to whether the object is a weapon, he is entitled to remove it. State v. Evans (1993), 67 Ohio St.3d 405,416, certiorari denied (1994), 114 S.Ct. 1195, 127 L.Ed.2d 544. In Evans, the officer felt a "large bulk" in a suspect's pocket during a patdown search. The officer testified that he knew it was not a gun but didn't know if it was some other type of weapon. The object turned out to be a large wad of money with a small packet of crack cocaine on top of it. In upholding the seizure, the court stated that it was not necessary that the officer recognize the object as a weapon.
 [B]ecause weapons are not always of an easily discernible shape, it is not inevitably essential that the officer feel the outline of a pistol or something of that nature.
Evans at 415.
Wimberly's belief that the object could have been a weapon cannot be said to be unreasonable under the circumstances. The police were called to the scene to investigate an assault by a female upon a male at a home on Hudson Avenue. According to the report, the female was armed with a meat cleaver. When officers arrived, Thomas and a male exited the home and ran toward the officers in an agitated state. Wimberly's decision to patdown Thomas was based upon a reasonable belief that Thomas might be armed, not that she possessed drugs. "When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, the officer may conduct a patdown search to determine whether the person is in fact carrying a weapon." Minnesota v. Dickerson (1993),508 U.S. 366, 373, 113 S.Ct. 2130, 2136, 124 L.Ed.2d 334, 344, citingTerry v. Ohio (1968), 392 U.S. 1, 24, 88 S.Ct. 1868, 1881,20 L.Ed.2d 889, 908. When Wimberly felt a hard object in Thomas' pocket, she believed the object to be a weapon. This is not the type of case in which a police officer uses a patdown search as a pretext to search for drugs, but a case where the officer has a reasonable belief that the suspect is armed. The trial court properly denied the motion to suppress; Thomas' assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J., and SPELLACY, J., CONCUR.
 ___________________________________ PATRICIA ANN BLACKMON JUDGE
[1] We recognize that Thomas' six month sentence, imposed more than six months ago, has most likely been served. However, because she was convicted of a felony, her appeal is not moot. See State v. Melton (Dec. 12, 1996), Cuyahoga App. No. 69956, unreported, fn 1; State v. Heinback (Aug. 31, 1995), Cuyahoga App. No. 67821, unreported; State v. Golston (1994), 71 Ohio St.3d 224,227 ("[A]n appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal.")