OPINION
Defendant-appellant, James Downen, appeals his conviction in the Belmont County Court, Northern Division, for driving under the influence of alcohol.
On May 28, 1997, at 5:50 p.m., appellant was stopped on Route 7 in Martins Ferry, Ohio by Officer Joseph Murphy of the Martins Ferry Police Department after he observed smoke being emitted from appellant's car. Murphy gave appellant a verbal warning for the smoke, and testified that when he approached appellant, he smelled alcohol on him. Murphy asked appellant to perform field sobriety tests, the results of which suggested to Murphy that appellant was impaired. Murphy took appellant to the Martins Ferry Police Department where he gave him a breathalyzer test. Murphy told appellant that if he passed the test, he would release him. The breathalyzer test showed 0.133 grams of alcohol per 210 liters of breath.
Appellant was charged with violating R.C. 4511.19(A)(3) for operating a vehicle while under the influence of alcohol, and R.C. 4507.02(C) for operating a motor vehicle with a suspended license. On May 30, 1997, appellant entered a plea of not guilty to both charges. Appellant's motion to dismiss or suppress the breathalyzer results was overruled on June 25, 1997. Appellant then filed a motion in limine requesting that the court limit the use of his two prior DUI convictions, which motion was overruled on August 15, 1997. On September 12, 1997, appellant withdrew his plea of not guilty and entered a plea of no contest, following which, the trial court entered a finding of guilty. Appellant was sentenced to ninety days in jail, sixty days suspended; a $500 fine and court costs; operator's license suspended for one year; and one year of probation. Appellant filed his notice of appeal on September 19, 1997.
Appellant's first assignment of error states:
 "THE ARRESTING OFFICER DID NOT HAVE SUFFICIENT REASONABLE SUSPICIONS TO JUSTIFY AN INVESTIGATIVE STOP OF THE APPELLANT AND THE ARRESTING OFFICER DID NOT HAVE PROBABLE CAUSE TO ARREST APPELLANT."
Appellant argues that Officer Murphy did not have reasonable suspicion for the traffic stop. Murphy testified that he stopped appellant after following him for four or five blocks because his car was smoking. Appellant cites State v. Glasscock (1996),111 Ohio App.3d 371, for the proposition that minor traffic irregularities cannot give rise to a reasonable suspicion that a driver is under the influence of alcohol. Appellant argues that the smoke coming out of his car was such a minor violation that Murphy did not even stop him for several blocks. Appellant maintains that since he only committed a minor violation, Murphy did not have reasonable suspicion to stop him.
Appellant also asserts that Officer Murphy had no probable cause to arrest him for driving under the influence. Appellant cites to State v. Taylor (1981), 3 Ohio App.3d 197, for the proposition that an arresting officer needs some "indicia of intoxication" to support an arrest for driving while under the influence rather than mere evidence of consumption. Appellant also notes that having a drink and driving is not prohibited by R.C. 4511.19, but rather the statute prohibits only driving while under the influence. Appellant claims that he did very well on the field sobriety tests and that the only evidence of intoxication was the smell of alcohol on him. Appellant also asserts that there was conflicting testimony about whether Murphy arrested him before or after the breathalyzer test. Appellant argues that the trial court should have granted his motion to dismiss or suppress.
In response, plaintiff-appellee, the State of Ohio, argues that Officer Murphy did have reasonable suspicion to stop appellant. Murphy observed a large amount of smoke coming from appellant's car which gave Murphy reasonable suspicion to believe appellant was violating an unsafe vehicle statute.[1] Murphy testified that other traffic seemed to be affected by the smoke. In support of its position, appellee refers to State v. Heisler (Feb. 4, 1999), Belmont App. No. 97-BA-36, unreported, in which this court held that a stop based on a defective exhaust was reasonable.
Appellee further argues that Murphy had probable cause to arrest appellant. Murphy smelled alcohol on appellant and testified that appellant's performance on the field sobriety tests indicated to him that appellant was impaired. In addition, appellant testified that Murphy told him that he counted too far back on the counting backwards test. Appellee maintains that the odor of alcohol along with Murphy's opinion that appellant had impaired coordination on the field sobriety tests gave Murphy sufficient indicia of intoxication to arrest appellant for DUI.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence. Glasscock, supra, at 374. To justify an investigatory stop of an automobile, a police officer must demonstrate specific and articulable facts which when considered with the rational inferences therefrom would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity. State v. Blackburn (1996), 115 Ohio App.3d 678, 681. In addition, before an arrest can take place, the police officer must have probable cause to believe that the individual committed a crime. State v. Lloyd (1998), 126 Ohio App.3d 95, 104. Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged. Id.
R.C. 4511.19 states in pertinent part:
 "(A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 "(1) The person is under the influence of alcohol * * *;
"* * *
 "(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;"
In the instant case, Officer Murphy demonstrated specific and articulable facts to justify a reasonable suspicion that appellant was involved in criminal activity. Murphy stopped appellant because he saw a large amount of smoke coming from appellant's car. R.C. 4513.02(A) provides that no person shall drive any vehicle that is in an unsafe condition. Appellant's smoking car was unsafe both to appellant and to other motorists. The fumes from the smoke were potentially harmful to appellant, and the smoke was causing other cars to slow, presumably because they could not see well through the smoke. Furthermore, this court has previously held that a traffic stop based on a defective exhaust is reasonable. Heisler, supra. As such, Murphy had a reasonable and articulable suspicion that a traffic violation was occurring in his presence and therefore was justified in making the stop.
However, the record on appeal fails to demonstrate that Murphy had probable cause to arrest appellant for driving under the influence of alcohol. There was conflicting testimony about when Murphy placed appellant under arrest, which confusion was cleared up by the trial court which found that Murphy arrested appellant when he brought him to the police station. At the time that Murphy arrested appellant the facts and circumstances would not have led a reasonable person to believe that appellant had been driving under the influence of alcohol.
Murphy testified that appellant smelled like alcohol. However, the mere odor of alcohol is insufficient to indicate that an individual has been driving under the influence. Taylor, supra, at 198. As noted by the Hamilton County Court of Appeals:
 "The mere odor of alcohol about a driver's person, not even characterized by such customary adjectives as `pervasive' or `strong,' may be indicia of alcohol ingestion, but is no more a probable indication of intoxication than eating a meal is of gluttony." Id.
The only other evidence offered by appellee was Murphy's testimony that appellant's performance on the field sobriety tests "showed me [Murphy] that he was impaired." Tr. at 16-17. Murphy did not state that appellant failed any of the tests. Nor did Murphy provide any information as to which tests were conducted or how appellant performed on them. Murphy merely gave a conclusory opinion that appellant was impaired without providing any factual basis to support it. Although appellant testified as to what Murphy told him about counting too far backwards, this did not constitute an admission on appellant's part that he had indeed failed the test. The record fails to indicate that appellee met its burden of establishing probable cause to arrest appellant for driving under the influence and, as such, the trial court erred in dismissing this portion of appellant's motion to suppress.
Accordingly, appellant's first assignment of error has merit.
Appellant's second assignment of error states:
 "THE COURT ERRED IN TREATING APPELLANT'S OMVI VIOLATION AS A THIRD OFFENSE, THEREBY, VIOLATING ARTICLE ONE, SECTION 10 OF THE U.S. CONSTITUTION, PROHIBITING EX POST FACTO LAWS AND ARTICLE TWO, SECTION 28 OF THE OHIO CONSTITUTION, PROHIBITING RETROACTIVE LAWS."
Because we have found merit to appellant's first assignment of error, appellant's second assignment of error is therefore moot. See App. R.12(A)(1)(c).
Accordingly, that portion of the trial court's decision overruling appellant's motion to suppress evidence obtained subsequent to the investigatory stop, but prior to the arrest, is hereby affirmed. However, that portion of the trial court's decision overruling appellant's motion to suppress evidence obtained subsequent to the arrest is reversed and the matter is remanded for further proceedings according to law and consistent with this court's opinion.
COX, J., concurs.
VUKOVICH, J., concurs.
APPROVED:
 ___________________________________ GENE DONOFRIO Judge
[1] R.C. 4513.02(A) states that "No person shall drive * * * any vehicle * * * which is in such unsafe conditions as to endanger any person.