OPINION
Defendant-appellant, William M. Carter, appeals his conviction from the Wilmington Municipal Court for driving under the influence of alcohol. We affirm the decision of the trial court.
On February 5, 1999, at or about 2:49 a.m., Police Officer Kelly Hopkins of the Wilmington Police Department was driving south on Grant Street in the city of Wilmington. Hopkins observed a blue Chevrolet driving about five feet from the left side curb. Appellant was stopped for driving left of center. Upon approaching the vehicle, Hopkins observed "an odor of intoxicants about his breath and person," slurred speech and red and watery eyes. Hopkins had appellant perform three field sobriety tests: the horizontal gaze nystagmus test, the walk and turn test and one-leg stand test. Appellant did not successfully complete the field sobriety tests and was placed under arrest for driving under the influence of alcohol.
Appellant was taken to the Wilmington Police Department and consented to a breathalyzer test. Appellant scored .214 grams of alcohol per two hundred ten liters of breath. The test was performed at or about 3:45 a.m. Appellant was cited by Hopkins for driving left of center in violation of Wilmington City Ordinance ("WCO") 331.01[1] and driving under the influence of alcohol, in violation of WCO 333.01(a)(1) and WCO 333.01(a)(3).[2]
Appellant filed a motion to suppress arguing the stop and arrest were unconstitutional and all evidence gathered from the stop and arrest should be suppressed. The motion was overruled by the trial court. Appellant pled no contest to driving under the influence of alcohol in violation of WCO 333.01(a)(3). The citation for driving left of center was dismissed. Appellant was sentenced to thirty days in jail, a $1,000 fine, court costs and a one hundred eighty-day driver's license suspension. Appellant filed a timely appeal and assigns two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY OVERRULING THE MOTION OF DEFENDANT-APPELLANT FOR AN ORDER SUPPRESSING EVIDENCE OBTAINED BY WARRANTLESS STOP AND DETENTION OF DEFENDANT-APPELLANT.
When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of evidence. State v.Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court is bound to accept the trial court's factual findings if they are supported by substantial and credible evidence. State v. Williams (1993),86 Ohio App.3d 37, 41. Accepting the factual findings, we review the trial court's constitutional rulings de novo to conclude whether the minimum constitutional requirements for a stop and arrest have been met. Id.
The stop was justified based on probable cause of a traffic violation, driving left of center. Dayton v. Erickson (1996),76 Ohio St.3d 3. Despite appellant's argument, the fact that there was not a marked line in the middle of the street is of no moment. Appellant argues the stop for driving left of center is unlawful because a sign was not posted indicating to motorists WCO 331.01 prohibits driving left of center in the city of Wilmington. However, a sign is only necessary to enforce a local ordinance if it is inconsistent with the Ohio Revised Code. State v. Parker
(1994), 68 Ohio St.3d 283, syllabus. In this case, WCO 331.01 is not in conflict with R.C. 4511.25; the state of Ohio's statute prohibiting driving left of center. In fact, the statute and ordinance are almost identically written and are substantively identical.
Appellant apparently argues he was not immediately issued a citation for driving left of center before Hopkins continued to investigate appellant for suspicion of driving under the influence of alcohol. We are not aware of any requirement, and appellant does not cite any legal authority, that requires a citation be immediately issued for the initial traffic violation during a driving under influence investigation. Hopkins told appellant that he was stopped for driving under the influence of alcohol. Based on the indicia of driving under the influence of alcohol previously discussed, Hopkins had reasonable suspicion that appellant was driving under the influence of alcohol and to continue the investigation by having appellant perform field sobriety tests. Based on appellant's field sobriety test results, the indicia of appellant being under the influence of alcohol and Hopkins' observation of appellant driving left of center, Hopkins had probable cause to arrest appellant for driving under the influence of alcohol, in violation of WCO 333.01(a)(1). Then, appellant scored .214 on the breathalyzer test. The fact that the stop was not for driving under the influence of alcohol is irrelevant. Appellant was issued a citation for the three aforementioned offenses. We find nothing in the record which shows Hopkins' actions were improper in any way.
Despite appellant's argument, this case does not implicate the issue of State v. Robinette (1997), 80 Ohio St.3d 234, which addresses an officer continuing a traffic stop for the purpose of conducting a search unrelated to the stop. Hopkins had reasonable suspicion to continue the investigation for driving under the influence of alcohol almost immediately after she approached appellant's vehicle and observed appellant's red and watery eyes, slurred speech and an odor of alcohol. Hopkins' actions were substantially similar to innumerable stops by police officers in the state of Ohio which result in constitutionally valid arrests for driving under the influence of alcohol. The stop and arrest were constitutionally permitted by the Fourth Amendment to the United States Constitution as well as the Ohio Constitution. The first assignment of error is overruled.
Assignment of Error No. 2:
 AS A FURTHER RESULT OF THE UNLAWFUL STOP OF HIS AUTOMOBILE FOR DRIVING LEFT OF CENTER, THE DEFENDANT WAS SUBJECTED TO TESTS AT THE SCENE OF THE STOP REQUIRING HIMTO [SIC] UNDERGO PHYSICAL TESTS BY THE ARRESTING OFFICER AT THE SCENE OF THE STOP AND WAS FURTHER SUBJECTED TO A BREATH TEST AFTER BEING REMOVED TO THE OFFICES OF THE WILMINGTON POLICE DEPARTMENT.
 THIS TEST, AS WELL AS OTHER PHYSICAL TESTS HAD NOTHING TO DO WITH THE OFFENSE CHARGED, BEING DRIVING LEFT OF CENTER.
 THIS STOP, DRIVING LEFT OF CENTER, WAS BROUGHT AS VIOLATION OF WILIMINGTON ORDINANCE 331.01, A LOCAL CONTROL ORDINANCE AUTHORIZED BY AND LIMITED BY THE REVISED CODE. THE STATUTE, 4511.07(I) PROVIDES IN PERTINENT PART AS FOLLOWS: "NO ORDINANCE OR REGULATION ENACTED UNDER DIVISION (D),(E),(F),(G) OR (I) OF THIS SECTION SHALL BE EFFECTIVE UNTIL SIGNS GIVING NOTICE OF THE LOCAL TRAFFIC REGULATIONS ARE POSTED UPON OR AT THE ENTRANCE TO THE HIGHWAY OR PART OF THE HIGHWAY AFFECTED, AS MAY BE MOST APPROPRIATE. (SEE TRAFFIC TICKET IN FILE — A COPY OF WHICH IS ATTACHED AS APPENDIX I OF THIS BRIEF).
 THE EVIDENCE IN THIS CASE STATES CLEARLY THAT THE REQUISITE SIGNS HAVE NOT BEEN POSTED AND DO NOT EXIST AND THEREFORE THE ORDINANCE IS UNENFORCEABLE. (T.p. 20)
In the second assignment of error, appellant raises one new issue. Appellant cites State v. Glasscock (1996), 111 Ohio App.3d 371, for the proposition that Hopkins lacked reasonable suspicion because the traffic violation was de minimis. This argument is without merit. Glasscock and similar cases from this District concerning de minimis traffic stops have been effectively overruled by the Supreme Court of Ohio's decision in State v.Wilhelm (1998), 81 Ohio St.3d 444. The Supreme Court of Ohio has held that probable cause of any traffic ordinance justifies a traffic stop. Dayton v. Erickson (1996), 76 Ohio St.3d 3. The second assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] WCO 331.01 states in pertinent part:
 Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows:
 When overtaking and passing another vehicle proceeding in the same direction, or when making a left turn under the rules governing such movements;
 When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard;
 When driving upon a roadway divided into three or more marked lanes for traffic under the rules applicable thereon;
 When driving upon a roadway designated and posted with signs for one-way traffic;
 When otherwise directed by a police officer or traffic control device.
 Upon all roadways any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn.
[2]WCO 333.01(a)(1) and (3) states:
 Operation Generally. No person shall operate any vehicle within the Municipality, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
 (3) The person has a concentration of ten-hundredths (0.10) of one gram or more by weight of alcohol per 210 liters of his breath;