OPINION
Defendant-appellant Virgil McCormick appeals his conviction and sentence on one count of operating a motor vehicle while intoxicated, in violation of R.C. 4511.19(A)(1), following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 2, 2000, appellant was cited for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); failure to wear a safety belt, in violation of R.C. 4513.26(B); and left of center, in violation of R.C. 4511.25. Appellant appeared in the Canton Municipal Court for arraignment on March 7, 2000, at which time he entered pleas of not guilty to all the charges. On May 10, 2000, appellant filed a Motion to File Suppression Motion Instanter as well as a Motion to Suppress Evidence/Motion in Limine. In his motion to suppress, appellant requested the trial court "suppress any and all oral statements of [appellant] and all evidence of a breath test, and observations of the arresting officer during said test." Motion to Suppress at 1, unpaginated. Appellant maintained the officer did not have probable cause to initiate the stop of appellant's vehicle, and the breath testing machine was not operated in accordance with the Ohio Department of Health Regulations. In his motion in limine, appellant requested, "in the event the above Motion to Suppress is not granted in full, that no testimony be permitted with reference to" appellant's alleged refusal to submit to a breath test, and the arresting officer's opinion as to what he believes appellant observed while performing the breath test. Motion to Suppress at 2, unpaginated. The trial court scheduled a hearing on appellant's motion to suppress/motion in limine on May 30, 2000. At the hearing, Trooper Joel Smith of the Ohio State Highway Patrol testified he was on duty during the evening hours of March 2, 2000, when he observed a vehicle directly in front of him straddle the yellow line. Trooper Smith activated his in-cruiser camera and continued to follow and observe the vehicle. After observing the vehicle cross the center line a couple of more times, the trooper initiated a traffic stop. The driver of the vehicle was ultimately identified as appellant. During his initial contact with appellant, Trooper Smith detected the odor of alcohol emanating from either appellant's person or the vehicle. Trooper Smith requested appellant exit his vehicle and perform field sobriety tests. As a result of appellant's poor performance on the field sobriety tests, Trooper Smith placed appellant under arrest. Appellant was transported to the Perry Police Department, where he was asked to submit to a breath alcohol test. Trooper Smith advised appellant of the consequences of taking the test as well as for refusing to take the test. Appellant agreed to submit to the test. Trooper Smith prepared the BAC Datamaster machine and instructed appellant to commence blowing. As appellant blew, the machine began to beep and continued to beep, resulting in a printout indicating "invalid sample". Trooper Smith explained the BAC Datamaster will make a constant humming sound when an individual is blowing enough air to produce an adequate sample. On the other hand, the machine will continually beep when an individual is not blowing enough air to provide a sufficient sample. Appellant performed the test a second time, however, the machine continually beeped and printed an "invalid sample" result. Appellant proceeded to make a third attempt. During the third attempt, the beeping ceased as appellant was blowing enough air to provide the sample. Trooper Smith told appellant the indicator was reading .126 percent. At that point, appellant immediately stopped blowing, the machine began to beep, and the resulting printout again read "invalid sample." Trooper Smith testified regarding his observation of appellant during the third attempt at the test, stating it appeared appellant was purposely not blowing hard enough into the machine. The videotape taken by Trooper Smith of appellant's vehicle prior to the trooper's initiating the traffic stop was played to the court. The video begins with footage of appellant's vehicle returning to the proper lane of travel. The video also shows the vehicle traveling on the center line and through a cross-patched area. The vehicle is seen on at least two other occasions traveling on the center line. After hearing the evidence, the trial court took the matter under advisement. On June 1, 2000, the trial court issued its Judgment Entry, overruling appellant's motion to suppress and sustaining, in part, appellant's motion in limine. The matter proceeded to trial on June 6, 2000. At trial, Trooper Smith was the only witness to testify on the State's behalf. After playing the videotape taken by Trooper Smith, the State rested. Appellant made an oral motion for a directed verdict. The trial court overruled the motion with respect to the OMVI and left of center charges. However, the trial court granted appellant's motion with respect to the seatbelt charge. Appellant presented no witnesses. After resting, appellant renewed his Crim.R. 29(A) motion for acquittal. The trial court overruled the motion and proceeded to final argument and instructions. The trial court included an instruction on appellant's refusal to submit to the breath alcohol test. Following deliberations, the jury returned a verdict of guilty of the offense of operating a motor vehicle while under the influence of alcohol. The trial court proceeded to sentence appellant, at which time the trial court found appellant not guilty of the left of center charge. The trial court memorialized the conviction and sentence via Judgment Entry filed June 6, 2000. It is from this conviction and sentence appellant prosecutes his appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE IN THE FOLLOWING RESPECTS:
 A) THE COURT'S FINDINGS OF FACT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, TO-WIT:
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT'S ACTIONS IN SUBMITTING TO THE BREATH TEST AS A `REFUSAL', THEREBY ALLOWING THE PROSECUTION, IN IT'S [SIC] CLOSING ARGUMENT TO THE JURY, TO MAKE NUMEROUS REFERENCES TO DEFENDANT'S REFUSAL' [SIC] TO TAKE THE BREATH TEST, BECAUSE OF THE FOLLOWING:
 1) THE DEFENDANT DID IN FACT SUBMIT THREE TIMES TO THE OFFICER'S REQUEST TO TAKE A BREATH SAMPLE; AND
 2) THE BREATH TEST MACHINE MAY NOT HAVE BEEN OPERATING PROPERLY, AS INDICATED BY THE "INVALID SAMPLE" PRINTOUT.
 B) THE COURT FAILED TO APPLY THE CORRECT LAW TO THE FINDINGS OF FACT BY SHIFTING THE BURDEN OF PROOF TO THE DEFENDANT; AND
 (C) THE COURT INCORRECTLY DECIDED THE ULTIMATE ISSUE RAISED IN THE MOTION TO SUPPRESS.
 II. THE TRIAL COURT ERRED IN NOT DIRECTING A VERDICT OF ACQUITTAL FOR THE DEFENDANT AT THE CLOSE OF ALL EVIDENCE, WHERE THE COURT FOUND FINDING [SIC] DEFENDANT NOT GUILTY OF THE LEFT OF CENTER VIOLATION, (WHICH WAS USED AS THE REASONABLE AND ARTICULABLE SUSPICION FOR THE ORIGINAL STOP) THAT THERE SHOULD HAVE BEEN A RECONSIDERATION OF ITS DECISION ON THE MOTION TO SUPPRESS EVIDENCE.
Any other facts relevant to our discussion of appellant's assignments of error shall be contained therein.
 I
In his first assignment of error, appellant maintains the trial court erred in overruling his motion to suppress. We disagree. Appellant sets forth three reasons upon which he predicates his assertion the trial court's decision was erroneous. First, appellant submits the trial court's findings of fact are against the manifest weight of the evidence, specifically, the finding appellant's actions during his attempts to submit to the breath alcohol test constitute a refusal. Next, appellant contends the trial court failed to apply the correct law to the findings of fact by shifting the burden of proof onto appellant. Finally, appellant argues the trial court incorrectly decided the ultimate issue raised in his motion to suppress. We shall address appellant's first and second assertions together. As stated supra, appellant requested the trial court "suppress any and all oral statements of [appellant] and all evidence of a breath test, and observations of the arresting officer during said test" because "the breath testing machine was not operating as required by the Ohio Department of Health Regulations." Motion to Suppress/Motion in Limine at 1, unpaginated. In the alternative, appellant asked the trial court to prohibit any reference to his "alleged `refusal' to submit to a breath testing procedures" as well as the arresting officer's opinion as to what appellant observed while performing the breath test. Id. at 2, unpaginated. We note a determination of whether or not appellant refused to submit to the breath alcohol test is not the proper subject of a motion to suppress. In general, the exclusionary rule may be invoked to suppress only evidence obtained as a result of constitutional violation. State v. French (1995), 72 Ohio St.3d 446, 449. Appellant is not alleging a constitutional violation. However, such determination is the proper subject of a motion in limine. At a hearing on a motion in limine, the burden of proof is on the individual seeking to exclude the evidence. As such, we find the trial court properly placed the burden of proof on appellant. Whether the trial court correctly found appellant did, in fact, refuse to submit to the breath test is inconsequential as a motion in limine is an interlocutory, precautionary ruling. French, supra. An appellate court need not review the propriety of such an order unless the claimed error is preserved by timely objection on issues actually reached during the trial. See, State v. Brown (1988), 38 Ohio St.3d 305. As noted infra, appellant did not object to the evidence appellant refused the test at trial. The ultimate determination of whether or not appellant refused to submit to the breath test was a question for the jury. The trial court properly instructed the jury on refusal: Evidence has been introduced indicating that [appellant] was asked but refused to submit to a chemical test of his breath to determine the amount of alcohol in his system, for the purpose of suggesting that [appellant] believed he was under the influence of alcohol. If you find [appellant] refused to submit to said test, you may, but are not required to consider this evidence along with all the other facts and circumstances in evidence in deciding whether [appellant] was under the influence of alcohol. T. at 97-98.
We have reviewed the transcript of the jury trial and find appellant failed to object to Trooper Smith's testimony relative to the refusal. T. at 52. We also note appellant failed to reference the pages of the transcript at which he objected to the evidence as required by App.R. 16(D). The failure to object to evidence at the trial constitutes a waiver of any challenge. State v. Grubb (1986), 28 Ohio St.3d 199, 203. "A proper objection must be raised at trial to preserve error." State v. Brown (1988), 38 Ohio St.3d 305, 312. Having failed to object, we find appellant failed to preserve this issue for appeal. We now turn to appellant's third and final prong. Appellant contends the trial court incorrectly decided the ultimate issue raised in his motion to suppress as the arresting officer did not have probable cause to initiate the traffic stop. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993), 86 Ohio App.3d 37 . Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Appellant references several cases, which have held, "Where a driver commits only a de minimus marked lanes violation, some other evidence to suggest impairment is needed before an officer is justified in stopping the vehicle." State v. Johnson (1995), 105 Ohio App.3d 37 (Citation omitted). In the past, we have declined to follow this rationale. The severity of the violation is not the determining factor as to whether probable cause existed for the stop. State v. Weimaster (Dec. 21, 1999), Richland App. No. 99CA36, unreported. Rather, " * * * where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * * " Id. (Citation omitted). We have reviewed the videotape taken by Trooper Smith as he followed appellant's vehicle. From this review, we find Trooper Smith had probable cause to initiate the stop of appellant. The video depicts appellant's vehicle traveling on the center line through a cross-hatched area of the road, which indicates an oncoming turn only lane. The vehicle proceeded through an intersection and again traveled through another cross-hatched area. The vehicle traveled in this manner on at least one other occasion during the video. The video also depicts appellant's vehicle traveling for a significant amount of time directly on the yellow line. There are several instances in which the vehicle traveled directly on the white line on the right side of the road. We find such observations were sufficient to establish probable cause to initiate the traffic stop. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred in failing to direct a verdict of acquittal in his favor at the close of all the evidence. Appellant maintains because the trial court ultimately found him not guilty of the left of center violation, and because the trial court had previously found said violation provided the officer with reasonable and articulable facts to initiate the stop, the trial court should have reconsidered its decision on appellant's motion to suppress. We disagree. The State is not required to prove an actual violation of a traffic statute in order to establish the reasonableness of an officer's stop. The fact appellant was ultimately found not guilty of the left of center violation does not mean Trooper Smith's observations were insufficient to establish reasonable and articulable facts to stop appellant's vehicle. Appellant's second assignment of error is overruled.
The judgment entry of the Canton Municipal Court is affirmed.
Hoffman, J. Gwin, P.J. and Wise, J. concur