OPINION
Defendant-appellant, Kartik H. Mehta, appeals his conviction in the Butler County Area I Court for driving while under the influence of alcohol ("DUI"), a violation of R.C. 4511.19(A)(3). We affirm the decision of the trial court.
On October 8, 2000, at approximately 3:46 a.m., Patrolman Matthew Chadwell of the Oxford Police Department observed a vehicle weaving onto the yellow centerline while traveling southbound on Lynn Street in Oxford, Ohio. After the patrolman observed the weaving twice, he activated his overhead lights and stopped the vehicle, which was being driven by appellant. When the patrolman approached the vehicle he detected a very strong odor of alcoholic beverage. The patrolman then noticed that appellant's eyes were bloodshot and glassy.
Patrolman Chadwell asked appellant for his license and proof of insurance. Appellant gave the patrolman his license and registration. When the patrolman again asked for proof of insurance, he also asked if appellant had anything to drink that night. Appellant replied that he had a couple of beers earlier in the evening. The patrolman noticed appellant was "acting slow," and from examining the driver's license the patrolman realized that appellant was twenty years old. The patrolman asked appellant to perform four field sobriety tests. After observing appellant's performance on each test, Patrolman Chadwell placed appellant under arrest for DUI.
Appellant filed a motion to suppress in which he challenged the legality of the traffic stop and subsequent arrest. After a hearing on the motion, the trial court found that the stop of appellant's vehicle was justified because the patrolman had "reasonable articulable suspicion" to believe that a traffic violation was occurring. The trial court therefore overruled appellant's motion to suppress. Appellant pled no contest to the DUI violation, and all other charges, R.C. 4511.19
(A)(1) (DUI), R.C. 4507.30 (Drivers License Misrepresentation), and Oxford Codified Ordinance 331.34 (failure to control), were merged into the R.C. 4511.19(A)(3) DUI violation.
Appellant appeals his conviction raising one assignment of error. In his assignment of error, appellant argues the trial court erred by denying the motion to suppress.
When considering a motion to suppress evidence, the trial court serves as the trier of fact and as such is best positioned to resolve questions of fact and judge the credibility of witnesses and the weight of the evidence. State v. Mills (1992), 62 Ohio St.3d 357, 356, citing Statev. Fanning (1982), 1 Ohio St.3d 19, 20. When reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by substantial and credible evidence. State v. Williams (1993), 86 Ohio App.3d 37, 41. An appellate court, however, reviews de novo whether the trial court applied the appropriate legal standard to the facts. State v. Anderson (1995),100 Ohio App.3d 688, 691.
It is well-established that an automobile stop is subject to the constitutional imperative that "it not be unreasonable under the circumstances." See Whren v. United States (1996), 517 U.S. 806, 810,116 S.Ct. 1769, 1772. The Ohio Supreme Court has stated a valid stop occurs when "a police officer stops a vehicle based upon probable cause that a traffic violation has occurred or was occurring." Dayton v.Erickson (1996), 76 Ohio St.3d 3, syllabus, citing United States v.Ferguson (C.A.6, 1993), 8 F.3d 385. In Erickson, the Court further explained that where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, "the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as suspicion that the violator was engaging in more nefarious criminal activity."Erickson at syllabus. Thus, as a general matter, an officer's decision to stop an automobile is reasonable whenever the officer has "probable cause to believe that a traffic violation has occurred." Whren,517 U.S. at 810, 116 S.Ct. at 1772.
Appellant first challenges the trial court's finding that Patrolman Chadwell had a reasonable and articulable suspicion to stop appellant. Appellant states his actions did not violate the Oxford Codified Ordinance 331.34(b). Oxford Codified Ordinance 331.34(b) states, "No person shall operate a vehicle in a weaving or zigzag course unless such irregular course is necessary for safe operation or in compliance with law." Appellant also contends that even if his actions did violate the ordinance, the de minimus traffic violation did not justify a traffic stop because no reasonable patrolman would have stopped a motorist for such minor violations.
Appellant argues that he did not operate his vehicle in a weaving or zigzag manner because he never touched the edge of the right hand side of his lane. Appellant contends that merely touching the centerline twice without touching the right hand side of the lane is not a weaving or zigzag course and does not constitute a violation of Oxford Codified Ordinance 331.34(b).
Evidence at appellant's hearing demonstrated that appellant was operating his vehicle in a weaving course. Patrolman Chadwell testified as follows: "I noticed that the vehicle was weaving, actually driving on the yellow line. He did this action two times where he would drive over, drive on the yellow line, [and then] come back into his lane of travel."
Appellant argues that merely touching the centerline twice was only ade minimus marked lanes traffic violation which was insufficient to provide reasonable, articulable suspicion for Patrolman Chadwell to stop him. Appellant cites several opinions, including State v. Johnson
(1995), 105 Ohio App.3d 37, in support of his contention that crossing the centerline without more, such as speeding, traveling excessively slow, or braking erratically, is insufficient to justify a stop.
Appellant's contention is meritless. The cases cited by appellant concerning de minimis traffic violation stops have been effectively overruled by the Ohio Supreme Court's decision in State v. Wilhelm
(1998), 81 Ohio St.3d 444, and Erickson, 76 Ohio St.3d at 3. This court has recently expressly overruled Johnson and its progeny to the extent those cases incorrectly maintain that an officer must have reasonable articulable suspicion to initiate a traffic stop even where the driver of the vehicle has committed a traffic violation. State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128, unreported.
We find that the record contains substantial and credible evidence demonstrating that the patrolman had probable cause to believe that appellant was operating his vehicle in violation of Oxford Codified Ordinance 331.34(b) and therefore was justified in making a traffic stop.
Appellant next challenges the constitutionality of the Oxford Codified Ordinance 331.34(b) (failure to control). Appellant argues that ordinance 331.34(b) is void for vagueness and therefore violates the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Due Process Clause of the Ohio Constitution Article 1, Section 16. He also argues that ordinance 331.34(b) is not rationally related to a legitimate governmental purpose and therefore violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Due Process clause of the Ohio Constitution Article 1, Section 16. Further, appellant argues that ordinance 331.34(b) is not a valid exercise of the city's police powers, in violation of Ohio Constitution Article XVIII, Section 3.
A review of the record reveals that appellant failed to raise the issue of constitutionality of Oxford Codified Ordinance 331.34(b) before the trial court and that he is attempting to raise the issue for the first time in this appeal. It is well-established that a party cannot raise new issues or legal theories for the first time on appeal. See StoresRealty v. Cleveland (1975), 41 Ohio St.2d 41, 43. Failure to raise the issue of the constitutionality of a statute or its application, which issue is apparent at that time, at the trial court level constitutes a waiver of such issue. See State v. Awan (1986), 22 Ohio St.3d 120. The issue therefore need not be heard for the first time on appeal. Id.
The notice of appeal, filed on November 16, 2000, is the first time appellant raised a constitutional challenge to the Oxford Codified Ordinance 331.34(b). These challenges were not specifically raised in the motion to suppress or at the hearing held on the motion. If appellant desired to challenge the constitutionality of ordinance 331.34(b), it was incumbent upon him to do so either in the motion to suppress or at the hearing. See Xenia v Wallace (1988), 37 Ohio St.3d 216,218.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.