OPINION *Page 2 
{¶ 1} On June 22, 2007, Ohio State Patrol Trooper Duane Shephard stopped appellant, Thomas Fitzpatrick, for making an illegal right turn on red. Subsequently, appellant was charged with driving under the influence in violation of R.C. 4511.19(A), as well as the "no turn on red" violation in violation of R.C. 4511.12 and a seat belt violation (R.C. 4513.263).
 {¶ 2} On July 25, 2007, appellant filed a motion to suppress, claiming an illegal stop. A hearing was held on September 13, 2007. By judgment entry filed same date, the trial court denied the motion.
 {¶ 3} On October 25, 2007, appellant pled no contest. By judgment entry filed same date, the trial court found appellant guilty, and sentenced him to one hundred eighty days in jail, all but three days suspended.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration.
 {¶ 5} Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED AS ITS FINDINGS OF FACT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II {¶ 7} "ASSUMING THE TRIAL COURT'S FINDINGS OF FACT WERE NOT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THE TRIAL COURT ERRED IN APPLYING THE FACTS TO THE APPROPRIATE LEGAL STANDARD." *Page 3 
 I, II {¶ 8} Appellant claims the trial court erred in denying his motion to suppress. Specifically, appellant claims the trial court's findings of fact were against the manifest weight of the evidence, and the trial court erred in applying the facts to the appropriate legal standard. We disagree.
 {¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Page 4 
 {¶ 10} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 11} Appellant challenges the trial court's reliance on the testimony of Trooper Shephard to establish reasonable suspicion of criminal behavior. Essentially, appellant challenges Trooper Shephard's credibility. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison
(1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 12} Trooper Shephard testified he observed appellant making a right turn from northbound Dressler to eastbound Everhard. The intersection was marked "NO TURN ON RED:"
 {¶ 13} "Q. Did you review the video that was in your cruiser from this day?
 {¶ 14} "A. Yes ma'am.
 {¶ 15} "Q. When was the last time you saw that?
 {¶ 16} "A. Half hour ago.
 {¶ 17} "Q. And on that video are you able to see the defendant's vehicle at all? *Page 5 
 {¶ 18} "A. Yes ma'am. You can see a set of headlights approaching the intersection and you can see the vehicle headlights and the right turn eastbound or turning right.
 {¶ 19} "Q. Now officer why do you believe the defendant's vehicle . . . why do you believe he would have had a red light?
 {¶ 20} "A. Because I had the green light.
 {¶ 21} "Q. The intersection of Everhard and Dressler, is that in Jackson Township?
 {¶ 22} "A. Yes ma'am.
 {¶ 23} "Q. Is that Stark County, State of Ohio?
 {¶ 24} "A. Yes, ma'am.
 {¶ 25} "Q. What did you do after you saw that violation?
 {¶ 26} "A. I turned on it, activated my overhead lights to signal a traffic stop.
 {¶ 27} "Q. Did you make contact with the driver?
 {¶ 28} "A. Yes.
 {¶ 29} "Q. And who did you determine the driver to be?
 {¶ 30} "A. Mr. Fitzpatrick." September 13, 2007 T. at 6-7.
 {¶ 31} Appellant argues it was not believable that the light was red because Trooper Shephard only had a view of the light being green from Everhard. The video taken from the Trooper's cruiser did not show the light's color. The trial court was faced with the testimony of Trooper Shephard wherein he stated the light was green for him, thereby making the light red for appellant. *Page 6 
 {¶ 32} It was within the trial court's province to believe or disbelieve Trooper Shephard. We cannot substitute the trial court's fact finding given the lack of any evidence contra.
 {¶ 33} In applying the facts to the appropriate legal standard cited supra, the trial court stated the following at the conclusion of the hearing:
 {¶ 34} "THE COURT: * * *The severity of the violation is not the determining factor as to whether probable cause existed for stop. When an officer has articulable reasonable suspicion of probable cause to stop a motor vehicle for any criminal violation including a minor traffic violation to stop is constitutionally valid. Now assume that there wasn't a light there, now let's assume then you're research, Gene, comes and says well he did a nice job in videoing it and I can tell you they took that light out two months ago Judge, well if the officer thought it was there and he thought he made a right hand turn that's basically what these cases are saying now for our Fifth District that he may not be guilty of a right on red because he may not have seen it but in his mind and now the Court's are saying it's now an object of standard it's a subject of standard and he, if he, if Trooper Shepard (sic) subjectively believes he made a right on red and it comes out to say that light was green, solid green, wasn't working, wasn't even existed, the Court are still saying he can't still make a traffic stop. You might win the red light violation but you're going to have to fight for the OVI and that's what the officer did he made an OVI stop." T. at 27-28.
 {¶ 35} In referring to a "subjective" standard, the trial court relied on this court's opinion in State v. Cook, Stark App. No. 2006CA00280,2007-Ohio-4648, ¶ 27, wherein this court held the officer had "reasonable, articulable reason to stop appellant" based *Page 7 
on de minimus traffic violations. The Cook court relied on this court's opinion in State v. McCormick (February 5, 2001), Stark App. No. 2000CA00204, wherein this court noted the following at page 3:
 {¶ 36} "Appellant references several cases, which have held, `Where a driver commits only a de minimus marked lanes violation, some other evidence to suggest impairment is needed before an officer is justified in stopping the vehicle.' State v. Johnson (1995), 105 Ohio App.3d 37
(Citation omitted). In the past, we have declined to follow this rationale. The severity of the violation is not the determining factor as to whether probable cause existed for the stop. State v.Weimaster (Dec. 21, 1999), Richland App. No. 99CA36, unreported. Rather, `* * * where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *' Id."
 {¶ 37} Trooper Shephard's testimony established objective facts and circumstances to support the stop.
 {¶ 38} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 39} Assignments of Error I and II are denied. *Page 8 
 {¶ 40} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.
 Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court of Stark County, Ohio is affirmed. *Page 1